**Michael Laroy COLEMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–528.**

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1979.

Lantz McClain, Sapulpa, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Michael Laroy Coleman, hereinafter referred to as defendant, was charged by information in Case No. CRF–77–31 with the crime of Attempted Robbery With a Deadly Weapon, pursuant to 21 O.S.Supp. 1973, § 801, in the District Court of Creek County. The defendant was tried by a jury and found guilty of the offense charged. In the second stage of the trial, the defendant was found guilty of Attempted Robbery With a Dangerous Weapon, After Former Conviction of a Felony, pursuant to 21 O.S. Supp.1976, § 51, and sentenced to serve twenty-five (25) years in the custody of the State Department of Corrections.

The defendant's sole assignment of error is that he was denied his Sixth Amendment right of self-representation. The facts relevant to this appeal are as follows. In a letter to the trial judge filed February 22, 1978, defendant accused his court-appointed attorney of being incompetent and in breach of the Code of Professional Responsibility. At a hearing held February 24, 1978, the defendant requested that his court-appointed attorney be dismissed and that other counsel be appointed. At this hearing it was revealed that the defendant had previously been represented by two other court-appointed attorneys. After hearing the defendant's allegations of inadequate representation, the court denied the request, and the cause was tried on March 6, 1978.

The right to self-representation is one which a defendant must clearly and unequivocally assert before trial. See *Felts v. State*, Okl.Cr., 588 P.2d 572 (1978). In the case at bar, the defendant made no request to represent himself; therefore, he was not denied his Sixth Amendment right.

The defendant also asserts that under the circumstances the court had an affirmative duty to inform him of his right to self-representation. We are of the opinion that this assertion is without merit. Where a defendant requests to have appointed counsel dismissed and new counsel appointed, the trial court has no duty to inform him of his right to self-representation. See *Felts v. State*, supra.

For the foregoing reasons the judgment and sentence is *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.