## COMMONWEALTH *vs.* DAVID C. PURCELL, JR.

Suffolk. November 4, 1996. - December 9, 1996.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & MARSHALL, JJ.

*Practice, Criminal,* Instructions to jury, Argument by prosecutor, Capital case. *Homicide. Malice. Intoxication. Evidence,* Hearsay, State of mind, Business record, Corroborative evidence, Bias of government witness, Admissions and confessions. *Witness,* Bias.

At the trial of a first degree murder indictment in which the killing was caused by repeated hammer blows to the victim's head, any errors in the charge with respect to the element of malice or the issue of extreme atrocity or cruelty, to which there were no objections, did not present a substantial likelihood of a miscarriage of justice. [881]

In a murder case in which the evidence of the defendant's intoxication was not strong but sufficient to warrant a jury instruction, the judge should not have used finding language in the intoxication instruction he gave; however, where the judge properly instructed the jury concerning the Commonwealth's burden to prove beyond a reasonable doubt both malice and extreme atrocity and cruelty, any prejudicial effect of the instruction was negligible. [881-882]

At a murder trial the judge properly admitted evidence, under an exception to the hearsay rule, of the victim's state of mind where the jury were warranted in inferring that the defendant knew of the victim's state of mind. [882-883]

Error in the judge's admission at a criminal trial of a time sheet that was not properly admissible as a business record under G. L. c. 233, § 78, was not prejudicial where it concerned a collateral matter as to which other evidence had properly been admitted. [883]

In a criminal case the judge properly refused to allow defense counsel to cross-examine a witness with respect to unrelated criminal charges that were then pending against the witness, where there was no basis demonstrated for arguing that the pending charges caused the witness to be biased in favor of the Commonwealth in order to obtain a favorable disposition. [883-884]

In the circumstances attendant to a police investigation at a murder scene, police officers lawfully placed the defendant in protective custody; in any event, the placing of the emotionally unstable defendant in the police cruiser would not have been such an unlawful act that suppression of inculpatory statements the defendant then made would have been required. [884]

Misstatements of fact in the prosecutor's closing argument at a murder trial were not significant or prejudicial and other argument was appropriate as based on the evidence. [884-885]

INDICTMENT found and returned in the Superior Court Department on January 13, 1989.

The case was tried before *Walter E. Steele*, J.

*Robert L. Sheketoff* for the defendant.

*Nancy L. Hathaway*, Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. A jury found the defendant guilty of murder in the first degree based on extreme atrocity or cruelty. In his appeal he challenges (1) the judge's charge to the jury on intoxication, (2) several evidentiary rulings, and (3) the prosecutor's closing argument, claiming significant misstatements of fact. There was no reversible error, and the defendant is not entitled to relief under G. L. c. 278, § 33E (1994 ed.).

There was evidence that on November 15, 1988, the defendant killed his girl friend, Mamie M. Brown, by beating her head with the claw end of a hammer. The victim's niece, Velvet Butler, who lived with the victim and the defendant, presented testimony that was incriminating, as did two of the defendant's fellow workers. The defendant does not challenge the sufficiency of the evidence to warrant his conviction. The defendant and his fellow workers found the victim's body when they went to the victim's apartment because the defendant had expressed concern for her safety.

1. The judge's jury instructions on homicide were not correct in all aspects, but no error or accumulation of errors requires a new trial. We need consider only those portions of the judge's homicide instructions that could have affected the jury's conclusion that the defendant acted with malice and that the murder was committed with extreme atrocity or cruelty. Moreover, because the killing was caused by repeated hammer blows to the victim's head, any omission in the charge concerning the so-called third prong of malice is not significant. As a practical consideration, malice in this case had to be based on an intention to kill or an intention to cause grievous bodily harm. See *Commonwealth* v. *Trapp ante* 356, 360 (1996), cert. denied, 117 S. Ct. 618 (1996); *Commonwealth* v. *Vazquez*, 419 Mass. 350, 353 (1995). We conclude that any error in the charge to which there was no objection does not present a substantial likelihood of a miscarriage of justice.

The only objection at trial to the judge's instruction on ho-

micide related to the judge's inappropriate use of "finding" language in his instruction on how the jury should treat evidence of the defendant's intoxication. The judge should not have told the jury that, "if you find, as I have previously defined it for you, if you find that the defendant was so drunk that he could not entertain malice aforethought . . . you would decide . . . whether or not he is guilty of manslaughter." Nor should the judge have said that intoxication could be relevant "only if the jury found the defendant's mental capacity was substantially reduced by the consumption of alcohol." These quoted statements, standing alone, placed a burden on the defendant that should have been placed on the Commonwealth, if anything was going to be said at all about alcohol consumption and jury findings.

The Commonwealth does not have to disprove a defendant's intoxication beyond a reasonable doubt, as it must disprove self-defense or accident beyond a reasonable doubt. *Commonwealth* v. *Waite*, 422 Mass. 792, 805-806 (1996). Therefore, although disfavored, an instruction about finding a defendant to have been intoxicated and the consequences of such a finding is not as prejudicial as is parallel finding language in the case of "complete, malice-negating defenses." *Id.* at 805.

There was evidence that shortly after the killing the defendant was irrational, confused, and hard to understand, but not necessarily due to consumption of alcohol before the killing. Evidence of the defendant's intoxication at the time of the murder was not strong, although it was sufficient to warrant an instruction on the consequences of intoxication on factual issues before the jury. The judge properly instructed the jury concerning the Commonwealth's burden to prove both malice and extreme atrocity or cruelty beyond a reasonable doubt. The judge's finding language does not require reversal. Its likely prejudicial effect was negligible.

2. The judge's rulings on several evidentiary issues do not require a new trial.

(a) The victim's niece was permitted to testify, over objection, concerning a conversation that she had had with the victim on the day of the killing. The victim had said that she had told the defendant to get his things and to leave. The evidence was offered only on the victim's state of mind, although no limiting instruction was sought or given. Where,

as in this case, the jury were warranted in inferring that the defendant knew of the victim's state of mind, evidence of the victim's statement was admissible, under the state of mind exception to the hearsay rule, to show both the victim's state of mind and the defendant's motive to kill her. See *Commonwealth* v. *Todd,* 394 Mass. 791, 797 (1985); *Commonwealth* v. *Lowe,* 391 Mass. 97, 106, cert. denied, 469 U.S. 840 (1984); *Commonwealth* v. *Borodine,* 371 Mass. 1, 8 (1976), cert. denied, 429 U.S. 1049 (1977).

(b) The defendant's next evidentiary objection concerns the admission, over objection, of a time sheet showing that on the day of the murder one of the defendant's acquaintances had been at work. The acquaintance testified that he had worked that day and had not seen the defendant. This testimony, if believed, seriously contradicted the defendant's defense theory because the defendant claimed that he had had a fight with this acquaintance on the day of the murder. The judge admitted the time sheet as a business record admissible under G. L. c. 233, § 78 (1994 ed.). The defendant argues that the entry was not made before the commencement of the criminal proceeding, a condition of the admissibility of business records pursuant to G. L. c. 233, § 78. The time sheet was completed after the defendant's arrest. See *Commonwealth* v. *Trapp,* 396 Mass. 202, 209-210 (1985).

The Commonwealth concedes that the time sheet was not admissible under § 78, but argues that the admission of the time sheet, in any event, was not prejudicial. The time sheet, admitted to corroborate testimony of a witness that he was at work on the day of the murder, concerned a collateral issue. There was other evidence that the defendant was not at work that day. The error was inconsequential.[1]

(c) The defendant challenges the judge's refusal to permit him to inquire concerning criminal charges that were then pending against a witness. These unrelated criminal charges arose in the summer following the murder after the witness had made a statement to the prosecutor and had testified

---

[1]The likelihood is negligible that the time sheet information was fabricated after the defendant's arrest in order to influence the disposition of the charge against him. The entry of the witness's time records a day or two after the relevant work day seems to meet the spirit, but not the letter, of the statutory requirement that the record be made before commencement of the proceeding.

before a grand jury. The witness's testimony at trial did not differ from his earlier statements. In such a case, in the judge's discretion, cross-examination on the pending charges may properly be denied because there is no basis for arguing that the criminal charges caused the witness to be biased in favor of the Commonwealth in order to obtain a favorable disposition of the pending charges. See *Commonwealth* v. *LaVelle*, 414 Mass. 146, 153-154 (1993); *Commonwealth* v. *Haywood*, 377 Mass. 755, 762-763 (1979).

(d) The defendant challenges the admission, over objection, of evidence that, when the defendant was placed in a police cruiser at the scene of the murder, the defendant three times said, "I'm sorry." The statement was volunteered while the defendant was in custody. The judge did not make findings and rulings concerning the circumstances in which the defendant made the statement. The defendant's disorderly, threatening conduct at the scene of the murder, coupled with alcohol on his breath, warranted placing him in the police cruiser. The judge did not rule explicitly that the defendant, who had consumed alcohol after the killing and before arriving at the murder scene, was lawfully in protective custody. Such a ruling may be implied in the circumstances. Even if there had been no basis for protective custody pursuant to G. L. c. 111B, § 8 (1994 ed.), and no probable cause to arrest the defendant, the placing of the emotionally unstable defendant in the cruiser was not such an unlawful act that suppression of his statement is required.

3. The defendant asserts that there are several misstatements of fact in the Commonwealth's closing argument to the jury that denied him a fair trial. We need not discuss them all. None was significantly prejudicial. The defendant's testimony that he did not expect the victim's niece would be home at the time the victim was killed makes inconsequential any misstatement by the prosecutor about the hour that the niece was likely to return from school. The prosecutor misstated the evidence in arguing that the defendant had not been permitted to change his socks at the murder scene where he was arrested and that, therefore, the defendant had earlier removed other socks with blood on them that were found at

the scene. The error was not significant. The prosecutor's argument that the jurors should conclude that the defendant was not intoxicated at the time of the murder was appropriate.

*Judgment affirmed.*