COMMONWEALTH *vs.* EARL G.W. MARTIN.

Hampden. April 9, 1997. - August 14, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Constitutional Law,* Assistance of counsel, Waiver of constitutional rights, Right of defendant in criminal case to act pro se. *Practice, Criminal,* Assistance of counsel, Waiver, Lesser included offense, Duplicative convictions. *Assault and Battery by Means of a Dangerous Weapon. Mayhem.*

The record of a criminal trial demonstrated that the defendant's decision to exercise his right to self-representation was made knowingly and intelligently. [719-721]

Where a defendant was convicted of mayhem, charged under the second portion of G. L. c. 265, § 14, and of assault and battery by means of a dangerous weapon, based on a single act, such assault and battery was a lesser included offense of mayhem and the conviction was duplicative. [721-723]

INDICTMENTS found and returned in the Superior Court Department on January 19, 1994.

The cases were tried before *William H. Welch,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Carlo A. Obligato,* Committee for Public Counsel Services, for the defendant.

*Marcia B. Julian,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After trial by jury, Earl G.W. Martin was convicted of mayhem and assault and battery by means of a dangerous weapon. Both convictions were based on a single act. The defendant received consecutive sentences for the two convictions. We allowed the defendant's application for direct appellate review. The defendant, who represented himself at trial, argues that the convictions must be reversed because there is no record support of the determination that he knowingly and intelligently waived his right to representation by counsel and because the conviction of assault and battery by means of a dangerous weapon is duplicative of his conviction of mayhem

(second theory). For the reasons stated in this opinion, we conclude that the defendant knowingly and intelligently waived his right to be represented by counsel. We also conclude that the defendant is correct in his claim that assault and battery by means of a dangerous weapon is a lesser-included crime of mayhem (second theory). We remand this matter to the Superior Court to vacate the conviction on the charge of assault and battery by means of a dangerous weapon, and dismiss the indictment. In light of the fact that the judge imposed a consecutive sentence on the charge of assault and battery by means of a dangerous weapon, the mayhem conviction is remanded for reconsideration and, in the judge's discretion, resentencing.[1]

We need not recite the evidence in great detail. The jurors could have found that on December 14, 1993, the defendant chased the victim, his former companion, down a public street and onto the stairs of a church. After a brief struggle, the defendant grabbed the victim by her hair and forced her down onto the church steps. The defendant told the victim that she had to "pay her dues." He removed a knife from his pocket and slashed the victim's face three times, thereby scarring her.

1. *Waiver of right to counsel.* On the first day of trial, defense counsel informed the judge that the defendant wished to represent himself, with the assistance of advisory counsel. After engaging in a colloquy with the defendant, the judge allowed the defendant's motion to proceed pro se and ordered defense counsel to serve as standby counsel. The defendant now claims that the colloquy was insufficient to establish that his decision to exercise his right to self-representation was made knowingly and intelligently, and therefore his waiver of counsel was constitutionally ineffective. See *Faretta* v. *California*, 422 U.S. 806, 835 (1975); *Commonwealth* v. *Conefrey*, 410 Mass. 1, 10-11 (1991).

"We have not prescribed the questions that a judge must pose to an accused who desires to represent himself nor is there any

---

[1]The defendant also was convicted on one indictment charging violation of a court protective order. That conviction was placed on file. The record does not indicate that the defendant affirmatively consented to the filing of the conviction. We consider all the defendant's convictions on the issues raised. However, the conviction placed on file also is remanded to the Superior Court for sentencing unless the defendant consents to its being placed on file. See *Commonwealth* v. *Lawson*, ante 528, 529 n.1 (1997); *Commonwealth* v. *Paniaqua*, 413 Mass. 796, 797 n.1 (1992); *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975).

'particular piece of information that is essential to an effective waiver of counsel.' *Maynard* v. *Meachum,* 545 F.2d 273, 279 (1st Cir. 1976). . . . The focus of our review is the defendant's subjective understanding of his decision and its consequences. See *Commonwealth* v. *Lee,* 394 Mass. 209, 216-217 (1985). We must be confident that the defendant was 'adequately aware of the seriousness of the charges, the magnitude of his undertaking, the availability of advisory counsel, and the disadvantages of self-representation.' *Commonwealth* v. *Jackson,* 376 Mass. 790, 795 (1978)." *Commonwealth* v. *Barnes,* 399 Mass. 385, 390-391 (1987).

The judge explained the nature of the charges and the necessary elements of proof for conviction, indicating to the defendant that self-representation required an understanding of these "involved" legal concepts. The defendant responded that he had considered the issue for six months before ultimately deciding to represent himself. The defendant was aware that there are technical rules governing the conduct of a trial and that he would be expected to comply with them. See *Commonwealth* v. *Lee,* 394 Mass. 209, 216 (1985). He said that he understood that he faced serious charges and was risking the imposition of substantial prison sentences if he represented himself poorly. See *Barnes, supra* at 391.

Citing his level of formal education and lack of experience with the criminal justice system, the defendant argues that his waiver of counsel was ineffective because his " 'background, experience and conduct' did not lend themselves to self-representation." However, such factors are relevant only when they bear on a defendant's ability to understand the consequences of a decision to waive counsel. *Godinez* v. *Moran,* 509 U.S. 389, 400 (1993) ("a criminal defendant's ability to represent himself has no bearing upon his competence to *choose* self-representation" [emphasis in original]). See *Barnes, supra* at 391; *Commonwealth* v. *Higgins,* 23 Mass. App. Ct. 552, 556 (1987). A defendant, having validly waived his or her right to counsel, is not entitled to reversal based on his or her lack of skill or training.[2]

The United States Constitution and the Massachusetts Constitution protect a defendant's right to proceed pro se,

---

[2]We note that the defendant did have representation by counsel in the pretrial proceedings and benefited from the continued presence and active assistance of that same counsel, in an advisory capacity, at the trial itself.

notwithstanding the obvious truth that the average defendant lacks the skill necessary to protect himself in a criminal proceeding, because it is the defendant who must suffer the personal consequences of a conviction. See *Commonwealth* v. *Jackson*, 419 Mass. 716, 719 (1995), and cases cited; Sixth Amendment to the United States Constitution; art. 12 of the Massachusetts Declaration of Rights.

"It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.' " *Faretta, supra* at 834, quoting *Illinois* v. *Allen*, 397 U.S. 337, 350-351 (1970) (Brennan, J., concurring). Thus, "even in cases where the accused is harming himself by insisting on conducting his own defense, respect for individual autonomy requires that he be allowed to go to jail under his own banner if he so desires and if he makes the choice 'with eyes open.' " *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 52 (1974), quoting *United States ex rel. Maldonado* v. *Denno*, 348 F.2d 12, 15 (2d Cir. 1965).

2. *Lesser included offense.* The parties agree that both convictions were based on a single act, for which the defendant was convicted of assault and battery by means of a dangerous weapon and mayhem. "In determining whether, on the basis of a single act, a defendant may be prosecuted and punished for two statutory or common law crimes, the long-prevailing test in this Commonwealth is whether each crime requires proof of an additional fact that the other does not. . . . If so, neither crime is a lesser-included offense of the other, and convictions on both are deemed to have been authorized by the Legislature and hence not duplicitous." (Citations omitted.) *Commonwealth* v. *Jones*, 382 Mass. 387, 393 (1981). The Commonwealth argues that, because the crimes at issue each require proof of a different intent element, neither is a lesser included offense, and therefore the convictions and sentences imposed on each should stand. We do not agree.

The defendant was prosecuted and convicted under the second branch of the mayhem statute. G. L. c. 265, § 14.[3] That portion provides for criminal responsibility for "whoever, with intent to

---

[3] The first portion of G. L. c. 265, § 14, provides for a conviction of mayhem for "[w]hoever, with malicious intent to maim or disfigure, cuts out or maims

maim or disfigure, assaults another person with a dangerous weapon, substance or chemical, and by such assault disfigures, cripples or inflicts serious or permanent physical injury upon such person." As the Commonwealth correctly points out, mayhem requires evidence of a specific intent to maim or disfigure, whereas assault and battery by means of a dangerous weapon requires proof of "only general intent to do the act causing injury." *Commonwealth* v. *Appleby*, 380 Mass. 296, 307 (1980). However, by necessary implication, a person who has the specific intent to maim or disfigure also must have the general intent to do the act causing injury. The former necessarily includes the latter, and no additional fact is necessary to prove the general intent required for conviction of assault and battery by means of a dangerous weapon. Compare *Ariel A.* v. *Commonwealth*, 420 Mass. 281, 285 (1995) (describing murder in the second degree as a lesser included offense of murder in the first degree).

"A crime is a lesser-included offense of another crime if each of its elements is also an element of the other crime." *Commonwealth* v. *Perry*, 391 Mass. 808, 813 (1984). "The test is whether, '[i]n order to convict [of mayhem], all the elements of [assault and battery by means of a dangerous weapon], must be found, plus an additional aggravating factor.' " *Commonwealth* v. *Schuchardt*, 408 Mass. 347, 351 (1990), quoting *Commonwealth* v. *Sherry*, 386 Mass. 682, 695 (1982). See *Ariel A.*, *supra* at 285. Mayhem (second theory) is essentially an assault and battery[4] by means of a dangerous weapon, with the additional aggravating factors of a specific intent to maim or disfigure, and certain forms of resultant physical injury. Therefore, the latter is a lesser included offense of the former. "The appropriate remedy for the imposi-

---

the tongue, puts out or destroys an eye, cuts or tears off an ear, cuts, slits or mutilates the nose or lip, or cuts off or disables a limb or member, of another person. . . ."

The two portions of the mayhem statute "represent distinctive and independent bases of liability." *Commonwealth* v. *Hogan*, 7 Mass. App. Ct. 236, 246 n.11, 247-248, *S.C.*, 379 Mass. 190 (1979) (concluding that assault and battery by means of a dangerous weapon is not a lesser included offense of the first branch of the mayhem statute). See *Commonwealth* v. *Farrell*, 322 Mass. 606, 618-619 (1948).

[4]Although § 14 uses only the term "assault," the statute also requires that the assault result in physical injury. Thus, it is implicit that mayhem requires proof of a battery as well.

tion of duplicative convictions is to vacate both the conviction and sentence on the lesser included offense, and to affirm the conviction on the more serious offense." *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995); *Jones*, *supra* at 394-395.

Accordingly, the case is remanded to the Superior Court. The conviction and sentence on the charge of assault and battery by means of a dangerous weapon shall be vacated, and the indictment on that charge dismissed. The conviction of violating a protective order is remanded to the Superior Court for sentencing unless the defendant consents to its being placed on file. See note 1, *supra*. In light of the fact that the judge imposed a consecutive sentence on the charge of assault and battery by means of a dangerous weapon, the mayhem conviction is remanded for reconsideration and, in the judge's discretion, resentencing.

*So ordered.*