COMMONWEALTH VS. LORINSO MYERS.

No. 99-P-1141.

Suffolk. February 12, 2001. - May 23, 2001.

Present: ARMSTRONG, C.J., GILLERMAN, GREENBERG, BECK, & COWIN, JJ.

*Constitutional Law,* Right of defendant in criminal case to act pro se, Assistance of counsel, Fair trial. *Practice, Criminal,* Assistance of counsel.

This court declined to create a requirement obligating a trial court judge, upon a criminal defendant's expression of dissatisfaction with trial counsel, to advise the defendant, sua sponte, of his right to proceed pro se. [629-630]

Discussion of the principles used to determine whether a criminal defendant has been denied a fair trial by reason of ineffective assistance of counsel. [631-632]

A criminal defendant failed to demonstrate that his trial counsel rendered ineffective assistance by failing to uncover certain evidence which, in the circumstances, would have had little probative value [632-633]; by failing to cross-examine a witness to demonstrate alleged bias [633-635]; by failing to uncover and exploit two alleged misstatements in the testimony of a Commonwealth witness [635]; or by forgoing a line of questioning [635-636]; further, trial counsel's actions, taken together, did not create a pattern of ineffectiveness that prejudiced the defendant's case [636-637].

INDICTMENTS found and returned in the Superior Court Department on June 5, 1992.

The cases were tried before *Sandra L. Hamlin,* J., and a motion for a new trial, filed on August 14, 1995, was heard by her.

*Barry L. Pretzel* for the defendant.

*Alex Philipson,* Assistant District Attorney, for the Commonwealth.

COWIN, J. The defendant was convicted by a jury of possession of cocaine with intent to distribute (G. L. c. 94C, § 32A); distribution of heroin (G. L. c. 94C, § 32); distribution of heroin within 1,000 feet of a school (G. L. c. 94C, § 32J); and possession of cocaine with intent to distribute within 1,000 feet of a

school (G. L. c. 94C, § 32J).[1] Thereafter, the defendant filed a motion for new trial and a subsequent supplementary motion for new trial. The motions collectively assert as follows: (1) that under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights the defendant's right to proceed pro se was infringed by the failure of the trial judge to inform him that such a right existed; and (2) that the defendant was deprived of a fair trial by reason of ineffective assistance of counsel.

Following a hearing, the motion judge — who had also been the trial judge — denied the defendant's motion for new trial. The defendant appeals from the order denying his motion. We affirm.

1. *Denial of right to proceed pro se.* On the threshold of jury empanelment, the defendant personally addressed the court and stated that he did not believe that his trial counsel would represent him properly. As support for this belief, he cited counsel's communication to him of a plea bargain proposal; the fact that counsel visited him only once during his pretrial incarceration; failure to provide him with police reports or grand jury minutes; and failure to investigate or follow up on certain issues suggested by the defendant. At no time did the defendant request that he be permitted to represent himself at the trial. His effort was directed exclusively to obtaining new counsel. The trial judge denied the defendant's request.

It is not disputed that a defendant has a right, one protected by both the Federal and State Constitutions, to proceed pro se with respect to his defense against criminal charges. *Commonwealth* v. *Martin*, 425 Mass. 718, 720 (1997). This right is explicit in art. 12 of the Declaration of Rights: "[E]very subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election."

A request that present counsel be discharged does not by itself constitute a demand to be permitted to proceed pro se. "[T]he criminal defendant must make an unequivocal request to

---

[1]The convictions were affirmed by this court in *Commonwealth* v. *Myers*, 37 Mass. App. Ct. 1103 (1994).

act as his own lawyer in order to invoke the right." *Commonwealth* v. *Scott*, 360 Mass. 695, 699 (1971), quoting from *United States ex rel. Maldonado* v. *Denno*, 348 F.2d 12, 15 (2d Cir. 1965). See *Commonwealth* v. *Conefrey*, 410 Mass. 1, 11 (1991). Compare *Commonwealth* v. *Jordan*, 49 Mass. App. Ct. 802, 813 (2000) ("[a] request to proceed pro se is not equivocal merely because it is an alternative position, advanced as a fallback to a primary request for different counsel" [citation omitted]). Ordinarily, where there is no claim of a constitutional right, there can be no denial thereof. *Commonwealth* v. *Amirault*, 424 Mass. 618, 641 n.15 (1997).

Here, the defendant asserts that his address to the court prior to empanelment could be interpreted as a request to proceed pro se and that — even were this not so — the judge should sua sponte have advised him of his right to represent himself. The first of these propositions is untenable. The defendant never suggested the possibility that he was prepared to proceed pro se, nor could the thought reasonably have been implied from anything which he said. There was no basis upon which the motion judge could have understood that the possibility of pro se representation was an issue.

The defendant's alternative argument, that the judge should under the circumstances have taken it upon herself to bring the constitutional right to proceed pro se to the defendant's attention, is equally unavailing. He acknowledges that there is presently no statutory or procedural requirement that such advice be given. We decline to create such a requirement.

"[A]ppellant's expressed dissatisfaction with his trial counsel did not obligate the court either to substitute new counsel *or advise him sua sponte of his right to proceed pro se.*" *United States* v. *White*, 429 F.2d 711, 712 (D.C. Cir. 1970) (emphasis supplied). *United States* v. *Martin*, 25 F.3d 293, 296 (6th Cir. 1994). *Commonwealth* v. *Scott*, 360 Mass. at 700. Other States have expressly rejected the proposition.[2] We know of no jurisdictions that have adopted it.

This is hardly surprising in light of the obvious danger as-

---

[2]See, e.g., *People* v. *Harris*, 914 P.2d 434, 438 (Colo. Ct. App. 1995); *Coleman* v. *State*, 604 P.2d 142, 143 (Okla. Crim. App. 1979); *State* v. *Fritz*, 21 Wash. App. 354, 359 (1978).

sociated with such judicial intervention, i.e., that a defendant will treat advice regarding the existence of the right as a subtle indicator that the judge is in fact recommending that he exercise the right. The Supreme Judicial Court has addressed the analogous claim that the trial judge must inform the defendant of his constitutional right to testify in his own behalf. *Commonwealth* v. *Waters*, 399 Mass. 708, 716-717 (1987). The court in *Waters*, stated as follows: "Unlike most other rights, the right to testify is counterpoised by the right not to testify. Therefore, the exercise of one right is the waiver of the other. . . . [T]he judge's role in this strategic decision would be problematic; to the extent the judge appeared to urge the defendant to exercise the right to testify, the judge would appear to urge the defendant to waive the right not to testify." *Id.* at 716. See *Commonwealth* v. *Freeman*, 29 Mass. App. Ct. 635, 641 (1990).

The same considerations apply to a sua sponte reference to the defendant's right to proceed pro se. A defendant has *both* a right to counsel *and* a right to represent himself. The right to counsel is so fundamental that, where there is a "bona fide doubt" as to the defendant's ability to make an informed decision to proceed without counsel, the trial judge must conduct an inquiry as to the defendant's sanity. *Commonwealth* v. *Barnes*, 399 Mass. 385, 389 (1987). Only then may the judge determine whether the request to proceed pro se was exercised knowingly and intelligently. See *Commonwealth* v. *Mott*, 2 Mass. App. Ct. 47, 51-52 (1974). A requirement that the judge introduce the subject of possible pro se representation creates an undesirable counterweight which may lead to a defendant's making a choice which is ordinarily not in his interest. See *United States* v. *Betancourt-Arratuche*, 933 F.2d 89, 94 (1st Cir.), cert. denied, 502 U.S. 959 (1991). See also *Commonwealth* v. *Stovall*, 22 Mass. App. Ct. 737, 739 (1986). There being no justification either in existing jurisprudence or in the practical requirements of protecting the rights of criminal defendants for creating this new burden upon trial judges, we reject the defendant's proposed colloquy.

2. *Ineffective assistance of counsel.* The defendant argues that his trial counsel was unprepared; failed to develop a defense;

gave a perfunctory opening statement; and neglected various opportunities during trial both to buttress the defendant's position and to discredit the Commonwealth's only percipient witness. The following emerged at trial. On June 25, 1991, Officer Kenneth Hearns was patrolling the area near the Dearborn School in the Roxbury section of Boston with his partner Officer Anthony Dantona. Officer Hearns testified that he observed a man, later identified as Paul Bowling, approach the defendant and give him money folded into thirds. He then observed the defendant run approximately one-half block to a light pole, bend down, and pick up a small object which appeared to be in a tissue. The defendant removed a packet from the tissue and replaced the tissue at the bottom of the light pole. Officer Hearns testified that the defendant then returned to Bowling and gave him the packet; Bowling placed it in his pocket and walked away.

Officer Hearns placed a radio call to another police officer, Officer Hector Alicea, who stopped Bowling and obtained a packet from him. The packet was stamped with the likeness of Dick Tracy. Officer Hearns then went to the base of the light pole and picked up the tissue paper from which he had seen the defendant remove a packet following his receipt of money from Bowling. The tissue contained five small packets marked with the Dick Tracy stamp and three additional packets. Subsequent analysis demonstrated that the five packets marked with the Dick Tracy stamp contained heroin, while the three other packets contained cocaine.

The principles which determine whether a criminal defendant has been denied a fair trial by reason of ineffective assistance of counsel are now well established. We are called upon to undertake "a discerning examination and appraisal of the specific circumstances of the given case to see whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). To prevail upon an ineffective assistance of counsel

contention, a defendant must demonstrate that better work on counsel's part would "have accomplished something material for the defense." *Commonwealth* v. *Adams*, 374 Mass. 722, 727 (1978), quoting from *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977). Where tactical or strategic judgments of counsel are questioned, such judgments must be "manifestly unreasonable" to provide a basis of relief from a conviction. *Commonwealth* v. *Adams, supra* at 728.

A determination whether there has been ineffective assistance can only be made with reference to the specific case, since particular action (or inaction) of counsel may be acceptable or immaterial in one context while unacceptable or significant in another. There is no simple litmus test. We look to see, from a pragmatic perspective, whether "the fault [of counsel] probably resulted in forfeiture of a substantial defence." *Commonwealth* v. *Saferian*, 366 Mass. at 98-99. This is not significantly different from examining a proceeding to determine whether there is a substantial risk that a miscarriage of justice has occurred. *Commonwealth* v. *Bart B.*, 424 Mass. 911, 914 (1997). *Commonwealth* v. *Curtis*, 417 Mass. 619, 624 n.4 (1994). We avoid a conclusion that there has been ineffective assistance where there has not been a showing "that better work could have accomplished something better for the defense," *Commonwealth* v. *Key*, 381 Mass. 19, 33 (1980), or where "the basic trouble from the defense standpoint was weaknesses in the facts rather than any inadequacy of counsel." *Commonwealth* v. *Satterfield*, 373 Mass. at 111. To that end, we pay special deference to the decision of the motion judge with respect to a motion for new trial where, as here, the motion judge was also the trial judge. *Commonwealth* v. *Barnette*, 45 Mass. App. Ct. 486, 493 (1998). Such deference extends to the judge's evaluation of trial counsel's performance. *Commonwealth* v. *DeVincent*, 421 Mass. 64, 69 (1995).

With these principles in mind, we turn to the defendant's specific assertions of ineffectiveness of counsel.

a. *The unemployment check.* At the time of the incident leading to the defendant's arrest, $121 was found in his pocket. The defendant testified that the money resulted from his cashing of an unemployment check at approximately the same time

(thereby seeking to rebut an inference that the cash was the product of this or another drug sale). The defendant now claims that his trial counsel erred by failing to uncover documentary evidence from the Department of Employment and Training showing that a payment of $231 to the defendant had in fact been made on the day before his arrest. The defendant argues that such evidence would have enhanced the credibility of his otherwise unsupported testimony regarding the source of the cash.

The document in question might have corroborated the defendant's testimony that he had recently obtained cash, $231, lawfully. The defendant, however, only had $121 in his pocket. There was no basis upon which the jury could have concluded either that the $121 was a remnant of the original $231, or that it was fresh cash obtained from another source. The motion judge was correct in concluding that the document in question would not carry much weight in determining how the defendant came to carry $121 on his person.

b. *Alleged bias of Officer Hearns.* The defendant was arrested on June 25, 1991. A report of the incident was signed by Officer Dantona; however, the names of each of the three officers involved appear in the report. The defendant claims that on July 13, 1991, he had an altercation with Officer Hearns. On August 5, 1991, the defendant filed a complaint against Officer Hearns with the Boston police department. The defendant was subsequently indicted for the offenses allegedly committed by him on June 25, 1991, and thereafter convicted largely upon the testimony of Officer Hearns.

The defendant asserts that it was ineffective assistance of counsel not to bring to the jury's attention the facts of the July 13, 1991, incident and the August 5, 1991, complaint to demonstrate bias against the defendant on the part of Officer Hearns. Failure to impeach a witness is not per se an indication of ineffective assistance of counsel. See *Commonwealth* v. *Bart B.*, 424 Mass. at 916. Here, Officer Hearns's testimony at trial was consistent with an incident report signed by Officer Dantona which reflected the actions of Officer Hearns, Officer Alicea, and himself. Because the alleged confrontation between Officer Hearns and the defendant, and the defendant's subse-

quent complaint, occurred *after* the arrest, and because Officer Hearns's trial testimony was consistent with the incident report prepared *before* the alleged confrontation, it is difficult to see how the jury would have been convinced of bias on Officer Hearns's part at the time of the arrest. See *Commonwealth* v. *Purcell*, 423 Mass. 880, 883-884 (1996). We are not persuaded that the defendant might have established an "embellishing" of Officer Hearns's testimony subsequent to the filing of the defendant's complaint in light of the general consistency between Officer Hearns's testimony and the incident report.[3]

The defendant points to the general proposition that cross-examination in an attempt to demonstrate bias on the part of a witness should not be foreclosed. See *Commonwealth* v. *Henson*, 394 Mass. 584, 586 (1985) (possibility prosecution witness hoped for favorable treatment on own criminal charge); *Commonwealth* v. *Ahearn*, 370 Mass. 283, 286-287 (1976) (complaint against officer filed *before* charges against defendant filed). But compare *Commonwealth* v. *Haywood*, 377 Mass. 755, 761-763 (1979), where the court held that it was not error to exclude inquiry into the arrest of a witness and a possible motivation on the part of the witness to cooperate with the police by altering his testimony where the arrest of the witness occurred *after* he had given a statement and his subsequent trial testimony was consistent with the statement. The *Haywood* reasoning could well be dispositive here. Even were it not, we are not confronted in this case with obstruction by a trial judge of an effort to cross-examine on an issue of bias. Defense counsel at trial chose not to cross-examine on the subject. This is now attacked after the fact as evidence of ineffective assistance. The standard to be applied is different. While it is

---

[3]The defendant's contention that the incident report signed by Officer Dantona would not have been admissible to rehabilitate Officer Hearns misses the point. It is not the report itself that is the prior consistent statement. Officer Alicea testified at trial that he was the back-up officer who, after a radio communication from Officer Hearns, stopped the alleged buyer Bowling and obtained a "Dick Tracy" packet from him. He then observed the arrest of the defendant by Officer Hearns and Dantona. Officer Hearns's statement on the radio to Officer Alicea would have been admissible as consistent with his trial testimony for the purpose of rebutting the accusation that his trial testimony was contrived. Officer Alicea could in addition have testified to any other consistent statements or actions of Officer Hearns.

difficult to defend the decision not to cross-examine on the issue as a tactical choice, if it were such, in light of the availability of corroborative testimony regarding events which preceded the incident allegedly motivating Officer Hearns to falsify, counsel's decision did not deprive the defendant of a substantial ground of defense.

c. *Alleged failure to investigate and impeach.* The defendant calls his trial counsel to task for failure to uncover and exploit two misstatements in Officer Hearns's testimony: (1) that the Dearborn School (near which the alleged drug transaction occurred) was open at the time; and (2) that Officer Hearns had worked with the Boston police department for five years. It appears, however, that the Dearborn School had closed for the summer on the previous day and that Officer Hearns had been with the Boston police department for only three years and nine months.

With respect to the school being open, it is not clear that Officer Hearns's recollection was in fact faulty, since children and teachers could have been present at the school notwithstanding the fact that the regular school year had ended. Be that as it may, Officer Hearns had little, if any, motivation to misrepresent whether the school was in session since that fact has no bearing under the applicable statutes. G. L. c. 94C, § 32J. *Commonwealth* v. *Hernandez,* 42 Mass. App. Ct. 780, 787 (1997). Neither this, nor the unexplained discrepancy regarding his tenure as a police officer, were likely to have had much of an impact upon the jury. It certainly cannot confidently be said with respect to these inquiries "that better work might have accomplished something material for the defense." *Commonwealth* v. *Satterfield,* 373 Mass. at 115.

d. *The folded bill.* Officer Hearns testified that the alleged customer Bowling handed the defendant money and that the money was folded in thirds. In support of his motion for new trial, the defendant asserts that his counsel should have inquired whether "the folded bill"[4] was found in the defendant's possession at the time of his arrest. He argues that the bill's absence

---

[4]The motion judge, the government and the defendant all characterize the money in question as "the folded bill," thereby indicating that a single bill of an unspecified denomination was given to the defendant. However, Officer

would have rendered Officer Hearns's testimony suspect in the eyes of the jury.

We are not persuaded that inquiry into the subject would have made a material difference. On cross-examination, defense counsel explored the subject of Officer Hearns's ability to observe the passing of folded money from a distance of approximately 100 feet. Any conclusion deriving from the presence or absence of one or more folded bills in the defendant's possession would have been speculative. The bill or bills could have been unfolded by the defendant after receipt; or all of the bills in his pocket could have been folded; or Officer Hearns might have stated that he in fact recovered one or more folded bills as part of the $121 found on the defendant. It was not "manifestly unreasonable" for counsel to forgo this line of questioning, particularly given the fact that he had separately cast doubt upon Officer Hearns's ability to observe the passing of folded cash. The defendant was not deprived of a substantial ground of defense. Compare *Commonwealth* v. *Kennedy*, 426 Mass. 703, 710-711 (1998) (experienced officer has probable cause to arrest for a drug transaction his training and the circumstances persuade him has just occurred even though he did not see any identifiable object being passed or received).

e. *Other allegations.* We have reviewed the defendant's other, more generalized allegations of ineffective assistance. The fact that counsel gave a brief opening statement (one labeled by the defendant as "perfunctory") does not constitute ineffective assistance. See *Commonwealth* v. *Hartman*, 404 Mass. 306, 315 (1989). This is particularly so where the essence of the defense was placed before the jury both by the defendant's own testimony and in counsel's final argument. Furthermore, brief opening statements tend to be the rule rather than the exception in criminal cases.

There is no evidence substantiating the defendant's accusations that his counsel was unprepared; that he lacked a defense strategy; or that he prepared the defendant inadequately for his own testimony. The motion judge, who was also the trial judge, stated that counsel, "an experienced trial attorney, did in fact

Hearns's testimony refers only to the passing of folded "money." It is unclear whether a single bill or more than one bill was involved.

effectively cross-examine witnesses and try the issues, including reasonable doubt, to the jury." We pay special deference to the trial judge's evaluation of counsel's performance. *Commonwealth* v. *DeVincent*, 421 Mass. at 67. The defendant was not deprived of a substantial ground of defense.

In light of the above discussion, we reject the defendant's contention that, while no single failure was dispositive, there was a pattern of ineffectiveness which prejudiced the case. The defendant appears to argue that, where ineffectiveness of counsel is concerned, the whole may be greater than the sum of the parts. If there may be occasions "when counsel's performance falls so far below an acceptable level that a new trial would be warranted without a showing of prejudice," *Commonwealth* v. *Medina*, 20 Mass. App. Ct. 258, 259 n.3 (1985), this is not such a case.

*Order denying motion for new trial affirmed.*