## COMMONWEALTH *vs.* PAUL PAMPLONA.

No. 01-P-1331.

Bristol. April 4, 2003. - May 30, 2003.

Present: GRASSO, DREBEN, & MILLS, JJ.

*Constitutional Law,* Waiver of constitutional rights, Assistance of counsel, Right of defendant in criminal case to act pro se. *Waiver. Practice, Criminal,* Assistance of counsel, Lesser included offense, Instructions to jury. *Assault and Battery.*

A Superior Court judge did not abuse his discretion in concluding that a criminal defendant had failed to demonstrate good cause for discharging his appointed counsel and acting pro se, where the defendant's failure to proceed with appointed counsel constituted a voluntary waiver of his right to counsel, where the defendant's decision to waive counsel and proceed pro se was knowing and intelligent, and where the judge's face-to-face interaction with the defendant put him in the best position to determine whether there was any bona fide doubt that the defendant's election to waive counsel and defend himself was due to a lack of competence as opposed to a desire to bring his ongoing trial to a halt. [240-243]

At a criminal trial, the judge did not err, in not giving an unrequested lesser included offense instruction, where the elements differentiating the crime charged from the lesser included offense were not sufficiently in dispute so that the jury could find the defendant innocent of the greater and guilty of the lesser included offense. [243-244]

INDICTMENTS found and returned in the Superior Court Department on October 14, 1999.

The cases were tried before *Gary A. Nickerson,* J.

*Elizabeth Doherty* for the defendant.

*Adam T. Narris,* Assistant District Attorney, for the Commonwealth.

GRASSO, J. A jury found the defendant guilty of assault and battery by means of a dangerous weapon (two counts) and assault and battery. The defendant, who served as his own counsel throughout most of the trial, contends that his convictions should be reversed because (1) he did not make a knowing, intelligent,

and voluntary waiver of counsel; and (2) the judge erred in not giving an unrequested lesser included offense instruction. We affirm.

1. *Waiver of counsel.* The judge first learned of the defendant's dissatisfaction with defense counsel after the jury had been selected and the Commonwealth had opened. The judge immediately afforded the defendant the opportunity to explain his dissatisfaction. See *Commonwealth v. Carsetti*, 53 Mass. App. Ct. 558, 561-563 (2002). Rejecting the defendant's proffered reason for dissatisfaction (lack of participation in selection of the jury), the judge indicated that he had observed the defendant and defense counsel reviewing and discussing jury questionnaires as jury selection proceeded. There was no contention that counsel was unprepared. The judge correctly concluded that the defendant had failed to demonstrate good cause for discharge of his appointed counsel. See *Commonwealth v. Britto*, 433 Mass. 596, 600-601 (2001); *Commonwealth v. Moran*, 17 Mass. App. Ct. 200, 207 (1983).

A defendant who refuses without good cause to proceed with appointed counsel may permissibly be confronted with the choice of continuing his representation by appointed counsel or acting pro se. See *Commonwealth v. Britto, supra* at 600-601. The defendant's failure to proceed with appointed counsel constituted a voluntary waiver of his right to counsel. See *Commonwealth v. Appleby*, 389 Mass. 359, 366-367, cert. denied, 464 U.S. 941 (1983), quoting from *Maynard v. Meachum*, 545 F.2d 273, 278 (1st Cir. 1976) ("[A defendant's] refusal without good cause to proceed with able appointed counsel is a 'voluntary' waiver [of the right to counsel]"). The judge explained to the defendant that the consequence of not proceeding with appointed counsel would be self-representation. He did so without putting the judicial finger on the scale in favor of self-representation. See *Commonwealth v. Myers*, 51 Mass. App. Ct. 627, 629-630 (2001). As the jury had been sworn, jeopardy had attached. See *Commonwealth v. Super*, 431 Mass. 492, 496 (2000). We see no error in the judge's determination not to declare a mistrial or delay the trial to give the defendant time to obtain alternate counsel. In the exercise of his discretion, the judge could properly conclude that the defendant's

professed dissatisfaction with appointed counsel was nothing more than "a manipulative eleventh hour attempt to obstruct the orderly disposition of the case." *Commonwealth* v. *Moran,* 17 Mass. App. Ct. at 207. Were it otherwise, "the administration of trials could be brought to a grinding halt with relative ease, just for the asking." *Commonwealth* v. *Britto, supra* at 601.

Moreover, a defendant has a constitutional right to defend himself without counsel when he knowingly and voluntarily elects to do so. *Faretta* v. *California,* 422 U.S. 806 (1975). *Commonwealth* v. *Appleby,* 389 Mass. at 366. "The United States Constitution and the Massachusetts Constitution protect a defendant's right to proceed pro se, notwithstanding the obvious truth that the average defendant lacks the skill necessary to protect himself in a criminal proceeding, because it is the defendant who must suffer the personal consequences of a conviction." *Commonwealth* v. *Martin,* 425 Mass. 718, 720-721 (1997).

We next consider whether the defendant's decision to waive counsel and proceed pro se was knowing and intelligent. See *Commonwealth* v. *Moran, supra* at 207. Our jurisprudence has resisted the suggestion that prescribed questions attend a judge's inquiry of a defendant seeking to represent himself. See *Commonwealth* v. *Martin, supra* at 719-720. Nor is any particular piece of information essential to an effective waiver of counsel. *Ibid.* "The focus of our review is the defendant's subjective understanding of his decision and its consequences." *Commonwealth* v. *Barnes,* 399 Mass. 385, 391 (1987). "The determination of waiver may properly be based on the background, experience, and conduct of the accused and the circumstances of the case." *Commonwealth* v. *Carsetti,* 53 Mass. App. Ct. at 565, quoting from *Commonwealth* v. *Appleby,* 389 Mass. at 368.

We reject the contention that the judge's colloquy was insufficient to establish that the defendant's decision to waive his right to counsel and exercise his right to self-representation was made knowingly and intelligently and, therefore, was constitutionally ineffective. See *Commonwealth* v. *Martin,* 425 Mass. at 719. The judge advised the defendant that difficulties can attend self-representation and that knowledge of the law and the rules

of evidence would be helpful. Although the colloquy was truncated, it was adequate, given the defendant's experience and his adamant insistence that appointed counsel not represent him under any circumstances.[1]

The defendant repeatedly rebuffed the judge's offer for counsel to remain and assist the defendant in a standby capacity. See *Commonwealth* v. *Conefrey*, 410 Mass. 1, 11 n.8 (1991) (defendant's determination to proceed pro se unequivocal and manifest throughout the trial); *Commonwealth* v. *Jordan*, 49 Mass. App. Ct. 802, 813 (2000) (request to proceed pro se not equivocal merely because advanced as fallback to a primary request for different counsel). At the judge's request, trial counsel remained available to the defendant and to the court throughout the trial.

We are confident that the defendant, who had a substantial record of convictions and was already serving a sentence for assault and battery by means of a dangerous weapon, was "adequately aware of the seriousness of the charges, the magnitude of his undertaking, the availability of advisory counsel, and the disadvantages of self-representation." *Commonwealth* v. *Jackson*, 376 Mass. 790, 795 (1978). "In order to show a right to reversal of his conviction, a defendant must establish that his waiver of counsel was ineffective because it was not intelligently made. The [defendant's] lack of understanding is not shown by the present record, which in fact suggests a contrary conclusion." *Commonwealth* v. *Lee*, 394 Mass. 209, 218 (1985).

That the defendant was not asked to sign a written waiver of counsel and the judge did not certify such a waiver, as required under Mass.R.Crim.P. 8, as amended, 397 Mass. 1226 (1986),

---

[1]We have allowed the Commonwealth's motion to expand the record to include the defendant's criminal offender record information (CORI), which evidences a considerable number of convictions, including several like those at issue here. See *Commonwealth* v. *Higgins*, 23 Mass. App. Ct. 552, 556 (1987). It could not, likewise, have escaped notice of the trial judge that the defendant knew the elements of the crimes charged, which involved an incident occurring at the house of correction where the defendant was serving a sentence for the same conduct, assault and battery by means of a dangerous weapon. *Commonwealth* v. *Moran*, 17 Mass. App. Ct. at 208 (defendant's knowledge and understanding "need not affirmatively appear on the record but may be gleaned from all the circumstances" [footnote omitted]).

and S.J.C. Rule 3.10, as amended, 416 Mass. 1306 (1993), is not conclusive of a lack of waiver. See *Commonwealth* v. *Moran*, 17 Mass. App. Ct. at 207 n.4. Given the defendant's refusal to proceed with appointed or even standby counsel, we infer that the trial judge chose not to run the risk of a skirmish incidental to the trial by asking the defendant, who had made his position clear, to sign a waiver. Instead, the judge devoted his efforts to providing informal but helpful assistance in the presentation of the defendant's case.

We also reject the suggestion that there existed a "bona fide doubt" as to the defendant's ability to make an informed decision sufficient to require inquiry as to the defendant's competence to waive counsel. See *Commonwealth* v. *Barnes*, 399 Mass. at 389; *Commonwealth* v. *Myers*, 51 Mass. App. Ct. at 630. A recent evaluation from Bridgewater State Hospital raised no doubt as to the defendant's competence to stand trial. Nor was there anything before the judge suggesting that the defendant lacked competence to waive counsel. See *Commonwealth* v. *Simpson*, 428 Mass. 646, 652 n.5 (1999). Although not exhibiting the skill of an attorney, the defendant conducted himself appropriately. He engaged in cross-examination of a witness, moved to dismiss the charges at the end of the Commonwealth's case, introduced evidence, and made a closing argument in support of his theory that the Commonwealth had not proved he had assaulted the victims and that he was the victim of excessive force. Absent stronger indicia than are present in this record, we are reluctant to second-guess the trial judge, whose face-to-face interaction with the defendant put him in the best position to determine whether there was any bona fide doubt that the defendant's election to waive counsel and defend himself was due to a lack of competence as opposed to a desire to bring his ongoing trial to a halt. *Id.* at 653 (unlike appellate judges, trial judge has advantage of seeing and hearing the defendant).

2. *The lesser included offense instruction.* On appeal the defendant contends that the judge had an obligation to instruct the jury, sua sponte, on the lesser included offense of assault and battery and that the failure to do so warrants reversal. Neither the defendant nor the Commonwealth requested a lesser

included offense instruction. See *Commonwealth* v. *Berry*, 431 Mass. 326, 337-338 & nn.15-16 (2000). Contrast *Commonwealth* v. *Yunggebauer*, 23 Mass. App. Ct. 46, 52 (1986); *Commonwealth* v. *Mills*, 54 Mass. App. Ct. 552, 554 (2002). Moreover, the judge would have been warranted in declining to give such an instruction even had a request been made. "[A]n instruction regarding a lesser included offense is not only not required, but is also improper, where the elements differentiating the crime charged from the lesser included offense are not 'sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' " *Commonwealth* v. *Barklow*, 52 Mass. App. Ct. 765, 768 (2001), quoting from *Commonwealth* v. *Souza*, 428 Mass. 478, 494 (1998). Here, the defendant's theory was that there was no evidence that he stabbed the victims with the alleged dangerous weapon, a toothbrush whose handle had been sharpened into a shank. Rather, he contended that he had been the victim of excessive force by the corrections officers.

*Judgments affirmed.*