NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-194

COMMONWEALTH

vs.

JOSHUA M. LOFINK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following an acrimonious exchange between the defendant and a group of strangers who criticized the manner in which he and his girlfriend were treating their dog, the defendant stabbed two men of the group and slashed the tires of one of their cars. As a result, the defendant was convicted of two counts of mayhem, in violation of G. L. c. 256, § 14, two counts of assault and battery by means of a dangerous weapon causing serious bodily injury (ABDW-SBI), in violation of G. L. c. 265, § 15A (c) (i), and one count of vandalism, in violation of G. L. c. 266, § 126A. On appeal, the defendant contends that the judge erred by not instructing the jury that ABDW-SBI is a lesser included offense of mayhem, and trial counsel was

ineffective for not requesting that instruction.  He further argues that the convictions of ABDW-SBI are duplicative of his convictions of mayhem and that his conviction of vandalism should be vacated because the indictment failed to set forth the elements of the offense.

It is undisputed that the convictions of ABDW-SBI were based on the same facts that supported the convictions of mayhem, and the jury were not specifically instructed that the offenses must be supported by separate and distinct acts.  Consequently, the convictions are duplicative, and we reverse the two convictions of ABDW-SBI and set aside the verdicts.  We affirm the two convictions of mayhem and the conviction of vandalism.

Background.  The jury could have found the following facts beyond a reasonable doubt.  On the evening of September 16, 2021, the defendant and his girlfriend took their dog for a walk.  As the two walked down the staircase from their apartment to the street, they pulled the dog down the steps causing the dog's head to hit and bounce off each step.  The two were yelling at the dog, who got loose and ran down the middle of the street.  These events were seen by a group of friends, including the two victims, Ernest Ferry, and his cousin, Jamie Hassan, as well as Ferry's girlfriend and three children.  Ferry, Hassan,

2

and the girlfriend were in separate vehicles parked across the street from the defendant's apartment. Ferry accused the defendant and his girlfriend of mistreating the dog. Following the initial verbal altercation, the victims and Ferry's girlfriend drove to a nearby parking lot of a local liquor store where another confrontation ensued. The defendant's girlfriend and Ferry's girlfriend shouted at each other about the dog's mistreatment. Ferry also shouted at the defendant's girlfriend until, at a certain point, Ferry told the group "let's go" and began to walk away. As Ferry was walking toward his car, the defendant stabbed him in the back. The defendant then walked over to Ferry's car and slashed its tires. Hassan responded by jumping back into his car and following the defendant. When Hassan approached the defendant, he asked the defendant if he had stabbed his cousin, to which the defendant replied: "Yeah and you're next." The defendant then stabbed Hassan through the open driver's side window.

Both Ferry and Hassan suffered serious injuries. Ferry had a punctured lung, multiple lacerations, deep stab wounds to his left arm, and required three units of blood when he arrived at the hospital. Hassan's left arm also had several stab wounds, and the emergency physician who treated him testified at trial that "had EMS not place[d] the tourniquet [on his arm] promptly,

3

there was certainly risk that he would have died from blood loss in the field."

Discussion.  Under the circumstances presented, as the Commonwealth concedes, the two charges of ABDW-SBI were each a lesser included offense of the two charges of mayhem.  "'A crime is a lesser-included offense of another crime if each of its elements is also an element of the other crime.'"  Commonwealth v. Ogden O., 448 Mass. 798, 808 (2007), quoting Commonwealth v. Perry, 391 Mass. 808, 813 (1984).  "To determine whether two convictions are duplicative, we apply the 'long-prevailing test' that asks 'whether each crime requires proof of an additional fact that the other does not.'"  Commonwealth v. Forbes, 86 Mass. App. Ct. 197, 202(2014), quoting Commonwealth v. Crocker, 384 Mass. 353, 357 (1981).

Moreover, while convictions on both a greater and lesser included offense are permissible where the convictions rest on separate and distinct acts, such was not the case here.  See Commonwealth v. King, 445 Mass. 217, 225 (2005) ("The acts that support the two convictions cannot be 'so closely related in fact as to constitute in substance but a single crime'" [citation omitted]).  To the contrary, as we have noted, it is undisputed that the mayhem and ABDW-SBI convictions were based on one course of conduct with respect to each of the two

4

victims.  There was no evidence of separate and distinct acts and, as a result, the conclusion that the convictions rested on the same act or series of acts is inescapable.  See Commonwealth v. Rateree, 495 Mass. 610, 628-629 (2025).

Furthermore, even if we were to view the evidence differently, the jury was not provided with any guidance as to which acts supported each charge other than specifying which acts corresponded to the named victims.  Nor did the verdict slip clarify the issue.  Accordingly, the appropriate remedy is to vacate the convictions of ABDW-SBI.  See Commonwealth v. Martin, 425 Mass. 718, 722-723 (1997).[1]

The defendant claims that the judge's failure to instruct the jury, sua sponte, that ABDW-SBI was a lesser included offense of mayhem created a substantial risk of a miscarriage of justice.  We discern no error and no such risk.  Rather, we view the record as demonstrating that the absence of a request for a charge on a lesser included offense by trial counsel amounted to a "calculated, tactical, all-or-nothing choice."  Commonwealth v. Mills, 54 Mass. App. Ct. 552, 555 (2002).  Because the defendant pursued an "all or nothing defense," he effectively

---

[1] Because the sentences on each conviction of ABDW-SBI are to be served concurrently with the first mayhem conviction, we need not remand the case for resentencing.  See Commonwealth v. Johnson, 461 Mass. 44, 54 n.12 (2011).

5

negated any responsibility for the judge to give an instruction on a lesser included offense. See id.

In addition, any error did not create a substantial risk of a miscarriage of justice. As the defendant points out in his brief, the policy favoring lesser included offense instructions is to permit the jury "to convict of the offense established by the evidence, rather than forcing them to choose between convicting the defendant of an offense not fully established by the evidence or acquitting." Commonwealth v. Woodward, 427 Mass. 659, 664-665 (1998). The defendant contends that, if given a lesser included offense instruction, "the jury could have found the defendant not guilty of the 'heinous' crime of mayhem but guilty of a serious crime that carries a lower maximum sentence." Given the posture of this case, the defendant's contention is unavailing. First, the evidence did fully establish the offense of mayhem. Second, because the jury were instructed on both mayhem and ABDW-SBI as stand-alone offenses, they were not forced to choose between mayhem convictions and acquittal; they had the option to find him not guilty of mayhem and still find him guilty of ABDW-SBI.[2]

---

[2] Furthermore, in light of our conclusion that the absence of an instruction on the lesser included offense of ABDW-SBI did not create a substantial risk of a miscarriage of justice, there is no support for the defendant's related claim that trial counsel provided him with ineffective assistance by not

6

Next, the defendant contends that his conviction of vandalism should be vacated, and the indictment dismissed because the indictment did not include the statutory language regarding the requisite state of mind for the offense.  We discern no merit to this argument.[3]  To begin with, the indictment provided the defendant with sufficient notice of the crime for which he had been indicted.  The indictment included a description of the crime charged as well as reference to the specific criminal statute.[4]  As such, the indictment set forth sufficient information to provide the defendant with notice and knowledge of the nature of the crime against him.  See Commonwealth v. Fernandes, 430 Mass. 517, 520 (1999).

Furthermore, the defendant failed to raise this issue either before or during trial.  The argument is therefore

_____

requesting the instruction.  See Commonwealth v. Randolph, 438 Mass. 290, 295-296 (2002).

[3] The defendant further contends that because the indictment is defective, he was convicted in violation of his rights under art. 12 of the Declaration of Rights.  This too is an argument with no merit.

[4] Commonwealth v. Cooper, 264 Mass. 378, 379-380 (1928), on which the defendant relies, is distinguishable.  In that case, an indictment which allegedly charged the defendant with "attempt[ing] to burn [a] building" was defective because there was no reference within the indictment itself to a particular statute and the indictment omitted the common law definition of arson:  "the malicious and willful burning [of] the house or outhouse of another man."  Id. at 379-380.

7

waived.  See Commonwealth v. Lamont L. 438 Mass. 842, 845 (2003); G. L. c. 277, § 47A.[5]  Nor did the defendant request a bill of particulars pursuant to Mass. R. Crim. P. 13 (b), as appearing in 442 Mass 1516 (2004), in connection with this indictment.

Conclusion.  The judgments on the defendant's convictions of mayhem and the conviction of vandalism are affirmed.  The judgments on the defendant's convictions of assault and battery by means of a dangerous weapon causing serious bodily injury are reversed, the verdicts are set aside, and judgments shall enter for the defendant.

So ordered.

By the Court (Vuono,
  Massing & Allen, JJ.[6]),

Paul Little

Clerk

Entered:  November 24, 2025.

---

[5] "In a criminal case, any defense or objection based upon defects in the . . . indictment . . . shall only be raised prior to trial . . . ."  G. L. c. 277, § 47A.  "The failure to raise any such defense or objection by motion prior to trial shall constitute a waiver thereof . . . ."  Id.

[6] The panelists are listed in order of seniority.