COMMONWEALTH *vs.* JERRY L. PRICE. December 22, 1983. *Practice, Criminal,* Assistance of counsel, Continuance.

The defendant was found guilty of kidnapping and of three counts of consensual intercourse with a child (commonly called statutory rape), which were lesser included offenses of more serious charges of forcible rape of a child (unnatural and natural intercourse). Compare G. L. c. 265, § 23, with G. L. c. 265, § 22A. The defendant was found not guilty of assault and battery by means of a dangerous weapon.

On the third day of trial, with only one prosecution witness remaining to be called, the defendant submitted a two-page letter to the judge. The letter stated that defense counsel was incompetent and requested the court to appoint another attorney for the defendant. The defendant also stated that another attorney, Mr. Harris, could be ready in a week to take over his case. Construing the letter as a motion for a continuance, the judge refused to grant the request.

The only question presented on appeal is whether the trial judge abused his discretion in refusing to grant the defendant a continuance to

permit substitution of his trial counsel. The defendant devoted forty-five pages of his eighty-two page brief to this question. The defendant's arguments, however, may be summarized as follows. First, the trial judge abused his discretion when he refused to inquire fully into the defendant's reasons for his dissatisfaction with his trial counsel. Second, had the judge properly inquired into the defendant's reasons, he would have been obliged to grant the continuance since the defendant had valid reasons for his dissatisfaction.

The short answer to the defendant's contentions is that they are well off the mark. If the defendant's claim had any merit, which it does not, the appropriate action in circumstances such as the present would be to file a motion for new trial on the ground of ineffective assistance of counsel. In passing, we add that if we were asked to examine the conduct of counsel, we would not be able to conclude on the present record that his performance was below the standard enunciated in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974).

"Ordinarily, the granting of a continuance rests in the sound discretion of the trial judge, and a denial of a continuance will not constitute error absent an abuse of that discretion." *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-51 (1976). We couple that criterion with the principle now well established by State and Federal decisions "that a defendant's freedom to change his counsel is restricted on the commencement of trial." *Commonwealth* v. *Miskel,* 364 Mass. 783, 791 (1974). *Lamoureux* v. *Commonwealth,* 353 Mass. 556, 560 (1968). The standard to be applied by the trial judge when a request is made after the commencement of trial is one of balancing any prejudice to the defendant's interests with the foreseeable effect on the trial already in progress. *Commonwealth* v. *Diatchenko,* 387 Mass. 718, 727 (1982). *Commonwealth* v. *Miskel, supra.*

Here, after reading the defendant's letter, the judge informed the defendant, out of the presence of the jury, that the trial was almost completed and that he believed the defendant's case had been handled in a "competent manner." He then requested the defendant to state his reasons for his dissatisfaction. At that juncture the defendant offered to introduce documents containing various communications between his attorney and himself. However, after the judge warned that he might be giving up his privilege of confidentiality, the defendant decided not to introduce the documents.[1] The defendant then stated that the crux of his dissatisfaction stemmed from his attorney's advice to him to plead guilty to certain charges, his refusal to call certain witnesses and his failure to cross-examine certain witnesses adequately so that "things" could have been brought out. The defendant also added that "there is in my opinion

---

[1] Apparently, the defendant and the Commonwealth later stipulated to the introduction of those documents.

evidence to be located that has not been." After inquiring as to whether the defendant had anything else to say, the judge denied his request on the grounds that the defendant failed to be specific as to what witnesses should have been called and what they would have been asked, that his untimely request would have an adverse effect on the trial, and that no other attorney was there to assume the case. A colloquy then ensued regarding the disadvantages of self-representation. After declining to proceed pro se, the defendant decided to continue with his then counsel.

The instant circumstances are controlled by the case of *Commonwealth* v. *Ransom*, 358 Mass. 580 (1971). In *Ransom*, as here, the court first noted that "once the trial had begun, the effectiveness of any right of the defendant to force a change of counsel was diminished." *Id.* at 585. The court went on to hold that the trial judge had not abused his discretion since it appeared he fully considered the defendant's reasons and that the "defendant's objections were concerned with his attorney's choice of trial tactics." *Ibid.*

In the present case, defense counsel had handled this case for nearly two months before the trial commenced. There was no question that he was fully prepared to try the case. Contrast *Commonwealth* v. *Cavanaugh*, 371 Mass. at 56-57. Nor is there evidence in the record that there was such a breakdown in the attorney and client relationship that the defendant was prevented from presenting an adequate defense. In responding to the defendant's request, the trial judge told the defendant that he thought his case had been handled competently by defense counsel. Indeed, counsel was able to secure an acquittal on the assault and battery charge and to limit the guilty verdicts to lesser included offenses under the sex offense charges. Except for the testimony of a few remaining witnesses, the trial had been substantially completed at the time of the defendant's request, and, as in *Ransom*, it appears that the defendant primarily was dissatisfied with defense counsel's trial tactics. Although the defendant stated that Mr. Harris could be ready to assume the case within a week, Mr. Harris was not available to confirm this fact at the time of the defendant's request. Moreover, the judge reasonably could have concluded that the testimony of additional witnesses and the re-examination of previous witnesses would have been merely cumulative of the evidence already presented. We note in passing that the thrust of the defendant's defense was consent. While this defense may perhaps have blunted the kidnapping charge, it is of no avail to a defendant accused of rape or sexual abuse of a child under sixteen years of age. See *Commonwealth* v. *Gallant*, 373 Mass. 577, 582-583, 585-586 (1977).

The defendant's reliance on *Commonwealth* v. *Moran*, 388 Mass. 655, 659 (1983), is misplaced. The instant case is clearly distinguishable from *Moran* because here the judge, after permitting the defendant to make an "offer of specifications," made an adequate inquiry into the defendant's reasons for his dissatisfaction. Moreover, unlike the defendant in *Moran*,

this defendant made his request for substitution of counsel at a point well into the trial. Contrast also *Commonwealth* v. *Moran, ante* 200 (1983).

*Judgments affirmed.*

*Richard Zorza* for the defendant.

*William F. George,* Assistant District Attorney, for the Commonwealth.