COMMONWEALTH *vs.* JAMES C. JOHNSON.

Suffolk.   May 1, 1989. — August 3, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Controlled Substances. Practice, Criminal*, Instructions to jury, Presumptions and burden of proof, Objections to jury instructions, Failure to object. *Due Process of Law*, Presumption, Burden of proof.

INDICTMENT found and returned in the Superior Court Department on August 15, 1986.

The case was tried before *Elizabeth J. Dolan*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Richard Zorza*, Committee for Public Counsel Services, for the defendant.

*Jane A. Donohue*, Assistant District Attorney, for the Commonwealth.

O'CONNOR, J. After a jury trial, the defendant was convicted of possession of cocaine with intent to distribute, in violation of G. L. c. 94C, § 32B (1988 ed.). The defendant appealed, arguing that he is entitled to a new trial due to error in the judge's instructions to the jury. We transferred the case from the Appeals Court on our own initiative. We affirm the conviction.

The judge instructed the jury in relevant part as follows: "The Commonwealth must prove beyond a reasonable doubt

that the item, substance, in this case, was a controlled substance, was a Class B substance, and the substance is cocaine. You will have with you an analysis sheet. The analysis sheet states that the substance is cocaine. That, by law, contains what is known as prima facie evidence — that analysis sheet. . . . It simply means that when something is designated as prima facie evidence that you must accept that as the evidence unless there has been evidence to rebut it. So, unless there is evidence to show that that analysis as performed and carried in that sheet is some other substance, then you must accept that it has been analyzed and found to be cocaine."

The jury then recessed. The forewoman subsequently notified the judge of the following question from the jury: "Could you please list the four steps [elements] again for us?" The judge reassembled the jury, and stated, in part: "I instructed you [previously] that there is an analysis sheet that has been marked into evidence, and I told you it carried with it the force of what is known as prima facie evidence; and that the analysis sheet stands unless and until evidence to rebut that is provided to show that that chemical composition was not cocaine, and as such, the finders of fact must accept prima facie evidence unless that presumption is rebutted."

The challenged jury instruction is not materially different from the instruction in *Commonwealth* v. *Claudio, ante* 481 (1989), which we held was constitutionally infirm. In this case, as in *Claudio*, a reasonable juror could have understood from the instructions either that the jury were required to accept as true the report in the certificate of analysis that the confiscated substance was cocaine (because there was no contrary evidence) or that the defendant had the burden of proving that the substance was not cocaine. Since either interpretation would have deprived the defendant of his right to due process of law, the instruction was erroneous. *Commonwealth* v. *Claudio, supra* at 485.

Here, as in *Claudio*, the defendant did not object at trial to the instruction he now challenges, and therefore the error is not reversible unless, in light of the evidence in this case, the error created a substantial risk of a miscarriage of justice.

*Claudio, supra* at 486. A short summary of the evidence is as follows: A Boston police officer testified that he saw the defendant take some money and a brown bag from another man outside the Greyhound bus terminal in Boston. When the officer approached the men, they ran, and the defendant discarded the bag. After apprehending the defendant, the officer retrieved the bag, determined that it contained cocaine, and arrested the defendant. The Department of Public Health analyzed the contents of the bag, and a certificate of analysis was admitted in evidence pursuant to G. L. c. 111, § 13 (1986 ed.), stating that the bag contained 27.80 grams of cocaine. The officer also testified that, while the defendant was in custody, he said that the man outside the terminal had paid him $40 to bring one ounce of cocaine to another man inside the terminal as a sample so that that man could test it before buying the kilo from which the sample had been taken.

The defendant also testified. He testified that he had not made the statements attributed to him by the Commonwealth's witness, that he was at the terminal in order to borrow $5,000 for a cancer operation for his fiancée, and that the man with whom the officer saw him was a loan shark who was going to provide him with the money. He denied possessing any cocaine.

The defendant at no time conceded that the substance in the bag was cocaine. On the other hand, however, there was no evidence that the substance was other than cocaine or that would impugn the integrity of the certificate of analysis. On the contrary, the police officer testified without objection that the substance was cocaine. The only live dispute between the parties was whether the defendant had possessed the substance in question at all. Thus, there is little risk that a properly instructed jury would have chosen to disbelieve the evidence contained in the certificate of analysis. *Commonwealth* v. *Bryer*, 398 Mass. 9, 17 (1986). The case turned on the credibility of the police witness and the defendant. Once the jury resolved the credibility issue in favor of the officer, the Commonwealth's case was overwhelming. *Id.* Therefore, the erroneous instruction did not create a substantial risk of a miscarriage of justice.

*Judgment affirmed.*