COMMONWEALTH *vs.* STEVEN MALCOLM. No. 92-P-1311. December 29, 1993. *Controlled Substances. Practice, Criminal*, Instructions to jury, Presumptions and burden of proof, Objections to jury instructions, Failure to object. *Due Process of Law*, Presumption, Burden of proof.

It was error for the judge to charge the jury, in response to the jury's request to be reinstructed concerning the elements of the crimes with which the defendant was charged (trafficking in cocaine in excess of 200 grams and possession of marihuana with intent to distribute), that the certificates of analysis from the Department of Public Health (G. L. c. 111, § 13) were prima facie evidence of the nature of the substances in question and, in the case of the cocaine, of the weight, evidence which must be accepted by the jury as true unless evidence were introduced to the contrary. *Commonwealth* v. *Claudio*, 405 Mass. 481, 485 (1989). *Commonwealth* v. *Johnson*, 405 Mass. 488, 489 (1989). The defendant did not object to the instructions, however, and, as in those cases, there was no substantial likelihood of a miscarriage of justice as a result of the erroneous instructions. The defendant's counsel, in his closing argument, had admitted that the substances in question were cocaine and marihuana, arguing to the jury simply that they were for the defendant's own personal use rather than for sale or distribution. While he did not specifically admit the weight of the cocaine, he did not question it, and there was no other evidence of the weight. Compare *Commonwealth* v. *Johnson*, at 490. See also *Sullivan* v. *Louisiana*, 113 S.Ct. 2078, 2082 (1993), holding that an error in an instruction on reasonable doubt is not susceptible to harmless error analysis but that such analysis can be applied to a "jury-instruction error of erecting a presumption regarding an element of the offense."

*Judgments affirmed.*

*Richard Abbott* for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.