## COMMONWEALTH *vs.* EMIL CARSETTI.

No. 00-P-107.

Bristol. June 11, 2001. - January 14, 2002.

Present: JACOBS, KANTROWITZ, & KAFKER, JJ.

*Practice, Criminal,* Continuance, Assistance of counsel. *Constitutional Law,* Assistance of counsel, Waiver of constitutional rights. *Waiver.*

On a pretrial motion by criminal defense counsel for a last-minute continuance in order to change counsel on the ground that the attorney-client relationship with his client had irretrievably broken down, the judge acted within his discretion in denying the continuance where, although the judge made no formal findings on the record to indicate a balancing of the public's interest in the fair, efficient and orderly administration of justice with the defendant's right to proceed with counsel of his choice, the case was the only case on for trial that day, the Commonwealth was present with witnesses (one of whom had to leave the Commonwealth the following day), the case was a relatively simple one, counsel had competently participated in an evidentiary hearing on a motion to suppress, the attorney had represented the defendant appropriately for eight months, and counsel did not allege that he was substantively unprepared but merely that he was unprepared in the sense that the defendant did not wish his representation. [561-563]

In a criminal case, the judge did not abuse his discretion in declining to appoint substitute counsel at the defendant's last-minute request, where the defendant waived his right to counsel though twice opting to proceed pro se with appointed counsel in a stand-by capacity when given the option by the court. [563-566]

INDICTMENTS found and returned in the Superior Court Department on April 16, 1998.

The cases were tried before *John A. Tierney,* J.

*Patrick T. Matthews* for the defendant.

*David Keighley,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. On the morning of trial, against the backdrop

of an overpowering case for guilt[1] and the Commonwealth answering ready, with witnesses and the jury present, defense counsel asked for a continuance, claiming an irretrievable breakdown in the attorney-client relationship with his client, a career criminal.

The issues of substance in this appeal are twofold: first, whether it was error for the judge not to grant the continuance; and second, whether the defendant waived his right to counsel. We affirm his two convictions.

*The procedural background.* On April 28, 1998, the defendant was arraigned on charges of breaking and entering in the nighttime with intent to commit a felony, G. L. c. 266, § 16, and of unlawful possession of burglarious tools, G. L. c. 266, § 49. He received a court-appointed attorney. A pretrial conference report was filed on May 11 and a motion to suppress identification was filed on June 19. At the conclusion of an evidentiary hearing on December 11, the motion was denied and a trial date was set for January 5, 1999. It was the sole trial scheduled for that day.

*The motion for continuance to change counsel.* On the morning of January 5, the attorney informed the court that he was "not prepared to go to trial today." However, counsel did not appear to be referring to substantive unpreparedness to try the case. He explained as follows:

> "[The defendant] called me up on December, I believe it was, 28th — I'm not quite sure of the date — left a message on my answering machine. I got back to him on January 2nd. He said he did not want me; he has new counsel. He says he didn't like what I was doing, which — he told me I didn't hire an investigator; that I should have hired an investigator. We had some words exchanged. I told him that I did not want to represent him. He said under no circumstances did he want me to represent him because he

---

[1]In a case where identification was the sole live issue, two disinterested witnesses testified that they saw the defendant exit a building from a broken window through which a break-in had occurred. They kept the defendant in their sight at all times until the police arrested him. That they would so testify at trial was clear from testimony at a pretrial hearing on a motion to suppress the identifications, which was denied.

was going to be found guilty, and I have done nothing for his case. This was on January 2nd.

"I did tell him he should come before this court prior to today because this was a scheduled date for trial, which was, I believe, set back on December 11th."

At the outset, we note that the obligation to come forward and inform the trial judge of the need for a continuance prior to the date of trial rests on counsel, not the defendant. See *Commonwealth* v. *Burbank*, 27 Mass. App. Ct. 97, 104 (1989). See also *United States* v. *Prochilo*, 187 F.3d 221, 226-227 (1st Cir. 1999).[2] Prior to the day of trial, appointed counsel did not wish to represent a client who did not want his representation. Further, counsel knew of another named private attorney, whom the defendant wanted as counsel, and with whom the current attorney spoke "way back a week ago, over a week ago." That lawyer indicated that he would only enter an appearance if a continuance were granted.[3,4]

---

[2]Failure to do so might also be viewed as in contravention of the Massachusetts Rules of Professional Conduct. See, e.g., Mass.R.Prof.C. 1.3, 426 Mass. 1313 (1998) ("A lawyer shall act with reasonable diligence and promptness in representing a client. The lawyer should represent a client zealously within the bounds of the law"); Mass.R.Prof.C. 1.3 comment [3] ("Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client"); Mass.R.Prof.C. 1.16(d), 426 Mass. 1369 (1998) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned"); Mass.R.Prof.C. 1.16 comment [5] ("An appointed lawyer should advise a client seeking to discharge the appointed lawyer of the consequences of such an action, including the possibility that the client may be required to proceed pro se").

[3]Because of the closeness to the trial date and the uncertainty whether a continuance would be granted, counsel was obligated to be ready for trial. If a continuance is granted upon the representation of counsel that he is unprepared, in circumstances similar to those here, it is within a judge's discretion to impose financial sanctions upon counsel based upon the approximate value of resources wasted by the continuance. See generally Mass.R.Crim.P. 10(b), 378 Mass. 862 (1979); Mass.R.Crim.P. 48, 378 Mass. 923 (1979).

[4]In *Commonwealth* v. *Fogarty*, 25 Mass. App. Ct. 693, 697 (1988), "[a] Florida attorney interested in representing the defendant made known to the judge through a telephone call that he could appear in a week and be ready

The defendant was allowed, as he must be, to address the court. See *Commonwealth* v. *Moran,* 388 Mass. 655, 659 (1983). He complained that his attorney had failed to (1) secure a copy of the suppression hearing transcript; (2) scientifically test the evidence; and (3) hire an investigator. The judge denied the motion to continue the case.

"The Sixth and Fourteenth Amendments to the United States Constitution afford a defendant the right to assistance of counsel in all State criminal prosecutions which may result in the loss of his liberty." *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50 (1976), citing *Gideon* v. *Wainwright,* 372 U.S. 335 (1963).[5] When a defendant requests a continuance in order to change counsel, the judge must consider the defendant's right to obtain counsel of his choice as well as the public's interest in the fair, efficient and orderly administration of justice. *Commonwealth* v. *Fogarty,* 25 Mass. App. Ct. 693, 697-698 (1988). While there is no unbridled right to replace one competent attorney with another, *Commonwealth* v. *Dunne,* 394 Mass. 10, 15 (1985), a defendant may not be forced to go to trial with incompetent or unprepared counsel. *Commonwealth* v. *Appleby,* 389 Mass. 359, 366-367, cert. denied, 464 U.S. 941 (1983), citing *Maynard* v. *Meachum,* 545 F.2d 273, 278 (1st Cir. 1976).

It is within the judge's sound discretion to grant a request for new counsel on the eve or day of trial, *Commonwealth* v. *Tuitt,* 393 Mass. 801, 804 (1985), or to allow a motion for a continuance, *Commonwealth* v. *Richardson,* 37 Mass. App. Ct. 482, 487 (1994). While there is no mechanical test for determining when such a denial is so arbitrary as to violate due process, the judge should make findings showing a balancing between the defendant's rights and the interests of the Commonwealth and demonstrating that discretion was in fact exercised. See generally *Commonwealth* v. *Lee,* 394 Mass. 209, 217 (1985); *Commonwealth* v. *Fogarty, supra* at 698; *Commonwealth* v. *Jordan,* 49 Mass. App. Ct. 802, 813 n.12 (2000).

for trial in a month." Notwithstanding this, the trial judge did not commit error in denying a request for a continuance and change of counsel made at the eleventh hour. See *id.* at 698-699.

[5]Although not an issue here, we note that a defendant does not have a right to court-appointed counsel of his choice. See *Commonwealth* v. *Moran,* 388 Mass. 655, 659 (1983).

Where the defendant's objections are concerned with the attorney's choice of trial tactics, this is ordinarily not sufficient to warrant a continuance. See *Commonwealth* v. *Price*, 17 Mass. App. Ct. 955, 957 (1983), citing *Commonwealth* v. *Ransom*, 358 Mass. 580, 585 (1971). However, when a defendant alleges that counsel is unprepared, the judge should perform some colloquy to ascertain whether this is a dilatory tactic or whether counsel is truly unprepared.[6] See *Commonwealth* v. *Flowers*, 5 Mass. App. Ct. 557, 565-566 (1977) (trial judge should make further inquiry where the defendant alleges that attorney is unprepared), cert. denied, 434 U.S. 1077 (1978). See also *Commonwealth* v. *Drayton*, 386 Mass. 39, 45 (1982) (counsel stated that he was prepared); *Commonwealth* v. *Tuitt, supra* at 805 (same); *Commonwealth* v. *Dunne, supra* at 15 (no allegation that counsel not prepared); *Commonwealth* v. *Haas*, 398 Mass. 806, 815 (1986) (same); *Commonwealth* v. *Chavis*, 415 Mass. 703, 712 (1993) (judge satisfied himself that attorney was prepared); *Commonwealth* v. *Wright*, 11 Mass. App. Ct. 276, 279 (1981) (attorney prepared for trial); *Commonwealth* v. *Moran*, 17 Mass. App. Ct. 200, 202 (1983) (attorney represented to court that he was prepared for trial); *Commonwealth* v. *Price, supra* at 957 (no question that attorney prepared); *Commonwealth* v. *Fogarty, supra* at 697 (attorney represented that she was prepared for trial); *Commonwealth* v. *Burbank*, 27 Mass. App. Ct. at 102 (judge found that attorney was prepared). Compare *Commonwealth* v. *Jordan, supra* at 812, quoting from *Commonwealth* v. *Chavis*, 415 Mass. 703, 711 (1993) ("Although counsel characterized himself as unprepared, he had been appointed [two and one-half months prior to trial], had the transcript of [the codefendant's] trial, and had attended a portion of that trial. In these circumstances, and with the additional protection of co-counsel, the judge did not abuse his discretion in denying [defense counsel's] motions for withdrawal and a continuance filed so close to the date for trial. The trial judge

---

[6]We suggest (1) inquiring into the defendant's exact complaint with counsel; (2) inquiring of counsel as to what has been done thus far with the case; (3) inquiring of defense counsel as to whether they are ready, willing, and able to proceed with the defense; and (4) inquiring of counsel as to any other reasons for seeking withdrawal. Of course, both inquiry and response must be appropriately tempered to protect attorney-client confidentiality.

allowed counsel to present his reasons and appropriately balanced the need for additional time against the increased costs, including prejudice to the victim, taking into account also 'the interest of the judicial system in avoiding delays which would not measurably contribute to the resolution of a particular controversy' " [citations omitted]).

The preferred practice is to hear the defendant's reasons for wanting new counsel so that the judge's discretion will be exercised on an informed basis. See *Commonwealth* v. *Moran*, 388 Mass. at 659. It is also appropriate to ask counsel for a response. See note 6, *supra*.

In the case at bar, the judge made no formal findings on the record to indicate a balancing of the public's interest in the fair, efficient and orderly administration of justice with the defendant's right to proceed with counsel of his choice, see *Commonwealth* v. *Fogarty*, 25 Mass. App. Ct. at 697-698; nor did the judge question counsel as to his preparedness or his response to the defendant's allegations.

While the judge should have made findings, either in writing or orally on the record, we can glean from the record the apparent rationale for the trial judge's decision: (1) it was the only case on for trial that day; (2) the Commonwealth was present with witnesses, one of whom had to leave the State the following day; (3) the case was a relatively simple one; (4) more importantly, experienced counsel had competently participated in an evidentiary hearing on his motion to suppress identification less than a month earlier, a hearing over which the trial judge presided; (5) the attorney had been representing the defendant for eight months, and had acted appropriately during that time period; (6) the defendant was, as the judge explained, "not entitled to a copy of the transcript as a condition precedent for going forward"; and (7) counsel was not alleging that he was substantively unprepared, but that he was unprepared in the sense that the defendant did not wish his representation.

In this light, the judge was well within his discretion to deny the motion to continue in order for the defendant to change counsel. Despite the lack of formal findings, we cannot say the judge committed error.

*Waiver of the right to counsel.* Once it was determined that

the case would be proceeding that day, the defendant continued to indicate his displeasure both with the court's decision and with counsel. When the court indicated that the defendant had the option of proceeding with his appointed counsel or pro se with appointed counsel in a standby capacity, the defendant twice opted for the latter.

" 'While a defendant may not be forced to proceed to trial with incompetent or unprepared counsel, . . . a refusal without good cause to proceed with able appointed counsel is a "voluntary" waiver.' *Maynard* v. *Meachum*, 545 F.2d 273, 278 (1st Cir. 1976). . . . Unlike the defendant in *Commonwealth* v. *Cavanaugh*, 371 Mass. 46 (1976), [the defendant here] was not presented with a 'Hobson's choice' of representing himself or of going forward with incompetent or unprepared counsel." *Commonwealth* v. *Appleby*, 389 Mass. at 366-367. "Good cause includes, but is not limited to, 'a conflict of interest, incompetence of counsel, or an irreconcilable breakdown in communication.' " *Commonwealth* v. *Britto*, 433 Mass. 596, 600 (2001), quoting from *Commonwealth* v. *Chavis*, 415 Mass. at 712.

Here, it appears that counsel did not claim he was substantively unprepared. Indeed, the judge implicitly found him to be prepared. Rather, counsel indicated a breakdown in communication. "The Sixth Amendment guarantees the right to effective assistance of counsel, but it 'does not invariably require a "meaningful attorney-client relationship." ' " *Commonwealth* v. *Britto*, 433 Mass. at 600, quoting from *Commonwealth* v. *Tuitt*, 393 Mass. at 806. "The 'appropriate [Sixth Amendment] inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer.' " *Commonwealth* v. *Britto*, 433 Mass. at 607, quoting from *Commonwealth* v. *Tuitt*, 393 Mass. at 806-807.

"Even if there were a breakdown, however, the defendant has failed to show how it 'likely deprived [him] of an otherwise available, substantial ground of defence.' " *Commonwealth* v. *Britto*, 433 Mass. at 608, quoting from *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). As the judge opined at sentencing, "On the evidence I've heard in this case, you could have had Clarence Darrow and it wouldn't have made a difference.

The evidence was overwhelming as to your guilt." The defendant has not demonstrated how his proceeding pro se deprived him of a meaningful defense, nor how the alleged communication breakdown "led to an apparently unjust verdict, prevented an adequate defense, or threatened the defendant's right to a fair trial." *Commonwealth* v. *Tuitt, supra* at 712 n.12.

"[T]he determination of waiver may properly be based on 'the background, experience, and conduct of the accused' and the circumstances of the case." *Commonwealth* v. *Appleby, supra* at 368, quoting from *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938). The defendant, in his mid-fifties, was highly experienced with the criminal justice system. The prosecutor noted that, "[l]ooking at the defendant's record, he has as bad a record as I've ever seen in this court." As the judge observed, "it goes back to the Johnson administration."[7] Apparently the defendant had served approximately twenty years on other convictions, many of which were for similar crimes, in prisons in various East Coast States. He additionally made it abundantly clear that he did not wish to proceed with his appointed counsel.

The lessons of *Commonwealth* v. *Higgins*, 23 Mass. App. Ct. 552, 556-557 (1987), are illuminating. "[A] finding that [the defendant] was knowledgeable may rest on a complex of factors. Here we have positive indications of an adequate understanding. The defendant had intimate experience of criminal procedures: his criminal record was extensive and included a number of charges like those at bar. . . . We conclude that a compelling case is made for holding in the particular circumstances that the judge did not abuse his discretion in declining to appoint substitute counsel at the defendant's last-minute request. Further, the defendant understood the consequences of the waiver involved" (citations omitted).

As further indication of the defendant's knowledge of the criminal justice system, his self-representation was noteworthy. He asked appropriate questions and made appropriate comments.[8] He ultimately had counsel available to him on a

---

[7]Lyndon B. Johnson was president from 1963 to 1969.

[8]On a few occasions he cut off a witness for not being responsive to his questions. He used the police report and grand jury minutes during his cross-

standby basis. Given his background and the evidence against him, it appears that the defendant was fully aware of the consequences of his actions and of his waiver.[9]

*Judgments affirmed.*

---

examination of the three witnesses, two of whom he questioned more extensively on cross than the prosecutor did on direct. At another juncture, after the judge sustained an objection, the defendant noted, "I didn't hear an objection," to which the judge replied "He [the prosecutor] stood up." In his closing, nearly as long as the prosecutor's, the defendant noted differences in the testimony of the witnesses and drew the jury's attention to evidence lost by the Commonwealth and other alleged shortcomings in the Commonwealth's case.

[9]At sentencing, the judge again indicated that the defendant had had the choice of proceeding with his appointed attorney, which he elected "not to use." The defendant agreed with the judge's assessment.