Swan, PJ.
N.L. appeals from orders of the Cambridge District Court committing him pursuant to G.L.c. 123, §§7 and 8, to McLean Hospital (“the hospital”) and authorizing his treatment with antipsychotic medication pursuant to G.L.C. 123, §8B. Specifically, the appeal argues that the trial court improperly denied N.L.’s prehearing request for a continuance to allow his independent medical examiner (“IME”) to complete a psychiatric evaluation. N.L. has since been discharged from the hospital.
The salient facts are not in dispute. On November 3,2014, shortly after N.L’s admission, the hospital filed petitions for commitment and for authorization to administer anti-psychotic medication. The trial court scheduled a hearing on the petitions for November 6 and appointed counsel. On counsel’s motion, the court allowed funds to retain the services of an IME and allowed access to N.L.’s medical record. Counsel was unable to obtain die record until November 5, whereupon the IME met with N.L. and reviewed the record.
On the morning of the scheduled hearing, counsel moved for a continuance to allow the IME to complete his evaluation, without which, counsel argued, the !ME would be unable to testify as an expert in N.L.’s defense. Opposing the request in writing and orally, the attorney for the hospital stated that N.L. was “quite ill” and in a “very tenuous” condition, that N.L. failed to follow up with medications after his discharge from the hospital six months before, and that “his condition worsened,” and that on a prior “group walk,” N.L. “walked out” without authorization. The attorney added that N.L. had received one dose of antipsychotic medication and refused further doses, had “been taking things on the unit and fashioning them then into weapons,” including a battery that he turned into a knife, and had told the hospital staff that he was “going to elope” and “go bum his mother’s house down”; the “staff have been on top of him, so he has not done anything yet, but we are very concerned about... him getting out again, going to harm either himself or others, or a potential harm to staff here based on what he has done at home and in the unit on the hospital..., and we think for him to sit here for another six to seven days without treatment would be disastrous.” After further argument from N.L.’s counsel that she needed “time to prepare for the hearing” so as “not to box us in,” the hospital responded that “we have safely issues.... We’re very concerned about this gentleman and keeping him safe and others around him safe, his family. He has not shown that he can be a model patient.” The court denied the request for a continuance, and the hearing proceeded with N.L.’s treating psychiatrist and N.L. himself testifying as witnesses for the hospital and N.L., respectively. The orders appealed from resulted.
As noted, N.L. has since been discharged from the hospital, and the appeal is therefore moot “Courts decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process, (b) it is feared that the parties will not adequately represent positions in which they no longer have a personal stake, (c) the adjudication of hypothetical disputes would encroach on the legislative domain, and (d) judicial economy requires that insubstantial controversies not be litigated.” Wolf v. Commissioner of Pub. Welfare, 367 Mass. 293, 298 (1975). “However, ‘[tissues involving the commitment and treatment of mentally ill persons are generally considered matters of public importance’ and present ‘classic examples’ of issues that are capable of repetition, yet evading *162 review.” Newton-Wellesley Hosp. v. Magrini, 451 Mass. 777, 782 (2008), quoting Acting Supt. of Bournewood Hosp. v. Baker, 431 Mass. 101, 103 (2000). We examine the posture of the case in light of this doctrine.
General Laws c. 123, §5, sets clear standards for the conduct of civil commitment hearings: the court “shall” appoint counsel for indigent respondents, but “may,” i.e., is not required to, “provide an independent medical examination. ... The person shall be allowed not less than two days after the appearance of his counsel in which to prepare his case and a hearing shall be conducted forthwith after such period unless counsel requests a delay” (emphasis added). Id. Moreover, the initial commitment “hearing shall be commenced within 5 days of the filing of the petition, unless a delay is requested by the person or his counsel” (emphasis added). G.L.c. 123, §7(c). The two-day and five-day periods to allow for preparation of defense and to commence the hearing are mandatory, unless the attorney for the respondent requests more time. The statute, however, nowhere requires that the request be granted. Such a grant is subject to the sound discretion of the trial judge. See, e.g., Commonwealth v. Carsetti, 53 Mass. App. Ct. 558, 561 (2002) (“It is 'mthin the judge’s sound discretion ... to allow a motion for a continuance.”).[1] And the denial of the request would be reversed only on a finding that “the judge made ‘a clear error of judgment in weighing’ the factors relevant to the decision, see Picciotto v. Continental Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008) (citation omitted), such that the decision falls outside the range of reasonable alternatives.” L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). A finding of abuse of discretion is necessarily fact driven. Here, the trial judge was confronted with a patient who had a history of refusing medication, slipping the hospital grounds, malting weapons, stealing materials from the floor, and threatening arson. The judge had to weigh this information in balancing the need for immediate treatment and medication if warranted by the evidence against the patient’s need for further trial preparation. Such a pattern of facts placed in the judge’s discretionary authority is not one that is “capable of repetition.” Magrini, supra at 782. The “context,” in the words of another moot case, “is specific to the patient, and the evidence to support the legal finding is unique to” him. Matter of L.C., 2015 Mass. App. Div. 98, 101. Accordingly, the appeal is dismissed as moot.
We make two observations apart from the merits of the case. First, N.L.’s counsel has underscored the challenges that she and her colleagues face with the short time provided by statute for the preparation of a defense. The scheduling was dictated by the Legislature, no doubt from the perceived necessity to render speedy treatment and medication for those in need of it Indeed, it was the Legislature that reduced the fourteen-day period to commence a hearing to four days, subsequently increasing it to five.[2] We are not unsympathetic with the attorneys’ concern, but remedial action, as in the past must be found in the legislative rather than the judicial process. Second, we note that the hospital filed no brief on appeal. While we are mindful of hospitals’ limited resources for legal costs, our decision-making benefits markedly from their counselors’ learning.
Appeal dismissed.

 The discretion of the judge to grant a continuance in a commitment case is to be contrasted with that in a criminal dangerousness hearing, where any continuance for the Commonwealth is statutorily conditioned upon a finding of probable cause. G.L.c. 276, §58A; Commonwealth v. Lester L., 445 Mass. 250, 258 (2005).

 Statute 1986, c. 599, §8 (14 days); St. 2000, c. 249, §1 (4 days); St. 2004, c. 410, §1 (5 days).