The defendant, Rula Jones, appeals from a Superior Court judge's order revoking his probation and imposing sentence after the judge found that the defendant violated the terms of his probation. We affirm.
Discussion. At his probation violation hearing, the defendant requested new counsel. The judge denied his request. On appeal, defendant argues that the judge committed a structural error by failing to further inquire into counsel's preparedness for the hearing and into counsel's communications with the defendant prior to the hearing. The defendant asserts that the alleged lack of communication between himself and his counsel constructively denied his right to counsel. We disagree.
"A structural error is one that so infringes on a defendant's right to basic components of a fair trial that it can never be considered harmless." Commonwealth v. Villanueva, 47 Mass. App. Ct. 905, 906 (1999), citing Arizona v. Fulminante, 499 U.S. 279, 309 (1991). "[C]onstructive denials of counsel rising to a level of structural error occur only where the defendant essentially is denied the assistance of any qualified attorney who could theoretically represent him in a way that does not undermine our trust in the adversary system." Commonwealth v. Valentin, 470 Mass. 186, 197 (2014). In this case, the judge spoke to defense counsel the morning of the hearing, before the defendant's request. As a result of that conversation, the judge already knew defense counsel had summonsed witnesses, spoken to the probation department and the prosecutor, and planned a strategy. Indeed, defense counsel had represented the defendant for three months prior to the surrender hearing, was present for at least three hearings in this case prior to the final surrender hearing (at least one of which the record indicates the defendant attended), and had spoken to the defendant about strategy the day before the hearing. Further communication between counsel and the court also demonstrated that defense counsel was familiar with the expected testimony of various witnesses and limitations in that testimony. Accordingly, we do not conclude that the defendant was constructively denied his right to counsel. There was no structural error.
Instead, we review the judge's decision to deny the defendant's request for new counsel for abuse of discretion. See Commonwealth v. Carsetti, 53 Mass. App. Ct. 558, 561, 563 (2002). Where a defendant requests new counsel, "[t]he preferred practice is to hear the defendant's reasons for wanting new counsel so that the judge's discretion will be exercised on an informed basis." Id. at 563. See Commonwealth v. Moran, 388 Mass. 655, 659 (1983). While it may be "appropriate to ask counsel for a response," questioning counsel is not required. Carsetti, 53 Mass. App. Ct. at 563 (holding that the judge did not abuse his discretion where the judge's rationale for denying the defendant's motion was supported by the record). See Commonwealth v. Flowers, 5 Mass. App. Ct. 557, 565 (1977) (stating a judge may decline further inquiry if "defendant's request was solely a dilatory tactic").
In this case, the judge both inquired into the defendant's reasons for his request and personally observed defense counsel's preparedness for trial. When the judge denied the defendant's request, she knew that defense counsel had been representing the defendant for several months prior to the hearing, that defense counsel was also representing the defendant with regard to the underlying charges on which this probation violation was based, and that defense counsel had taken several steps to prepare for trial.[2] Moreover, the judge found that witnesses were present at the surrender hearing and that the case had been pending for some time. See Commonwealth v. Cavanaugh, 371 Mass. 46, 51 (1976), quoting Commonwealth v. Gilchrest, 364 Mass. 272, 276-277 (1973) (when considering a request for new counsel, a judge must "give due weight to the interest of the judicial system in avoiding delays which would not measurably contribute to the resolution of a particular controversy"). The record supports the judge's finding that defense counsel was prepared for the hearing and that the defendant's request was solely a dilatory tactic. Accordingly, we conclude that the judge did not abuse her discretion in denying the defendant's request for new counsel.[3]
Order revoking probation and imposing sentence affirmed.

The judge also found that defense counsel was "zealously representing" the defendant and "putting up a fight."

The defendant does not challenge his attorney's performance during the probation violation hearing.