This is a consolidated appeal by the defendant, Zulfiquar Syed, from his convictions, after a trial by jury, of assault and battery on a family or household member, G. L. c. 265, § 13M (a ), and threatening to commit a crime, G. L. c. 275, § 2, and from an order denying his motion for a new trial.
Background. 1. Trial. The case was set down for trial on April 14, 2015. After the Commonwealth answered ready, a judge other than the trial judge, allowed the defendant's court-appointed attorney to withdraw from the case. Attorney Larry Colby was appointed to represent the defendant. Three months later, on July 20, 2015, the case was called for trial again. Attorney Colby informed the judge that the defendant wanted time to obtain private counsel. The judge noted that the defendant had "almost a year to get [his] own lawyer" and questioned why he waited until the day of trial to make the request. The defendant explained that his current lawyer had been appointed in April, and while the defendant had a "full meeting" with him, he had not heard from the lawyer since that meeting. After establishing that the Commonwealth was ready for trial, the judge held the case for trial and recessed the proceedings. The case was called about ninety minutes later. Defense counsel stated: "I believe the defense is now ready for trial." The judge asked the defendant: "[A]re you representing yourself, or are you going to stick with your attorney?" The defendant replied: "Stick with my attorney." The defendant did not express any reservation or objection regarding his attorney.[2]
2. Motion for new trial. On May 19, 2017, the judge who presided at the defendant's trial conducted a nonevidentiary hearing on the defendant's motion for a new trial. The defendant was represented by new counsel. New counsel argued that the defendant's motion for a new trial should be allowed because the defendant "was not permitted to give all the reasons why he felt Attorney Colby was unprepared." He also stated that he had "spoken to Attorney Colby, and he [Attorney Colby] basically said he would not participate in this." Following the hearing, the judge denied the defendant's motion, writing in a margin endorsement that she did not find that Attorney Colby was ineffective and that it would not be in the interests of justice to allow the defendant's motion.
Discussion. Here, the two questions raised by the defendant are (1) whether the judge abused her discretion by declining to discharge the defendant's attorney on the day of trial, and (2) whether the defendant was deprived of the effective assistance of counsel.
1. Discharge of counsel. Whether to grant a request for new counsel or grant a continuance on the day of trial is a matter committed to the judge's sound discretion. Commonwealth v. Carsetti, 53 Mass. App. Ct. 558, 561 (2002). It is settled that a defendant cannot be forced to go to trial with an unprepared attorney. Commonwealth v. Appleby, 389 Mass. 359, 366-367 (1983). When as in this case, a defendant asks to discharge his attorney on the day of trial based on his attorney's lack of preparation, the judge must make an inquiry to determine whether the defendant's request is a dilatory tactic or a matter of genuine concern. See Carsetti, 53 Mass. App. Ct. at 562. The defendant has the burden to establish "good cause to remove appointed counsel." Commonwealth v. Clemons, 77 Mass. App. Ct. 232, 237 (2010).
In the present case, the record indicates that the defendant's trial counsel, Attorney Colby, was appointed three months prior to the trial date. On the day of trial, the defendant acknowledged that he had had a "full meeting" with Attorney Colby after the appointment. Prior to the commencement of the trial, Attorney Colby stated in open court that he was ready for trial. During the trial, the defendant did not raise any objection or express any concern about his attorney's preparation or performance.[3] In the defendant's affidavit in support of his motion for a new trial, he fails to offer even a single instance of his trial counsel's performance that suffered from a lack of preparation. Although the defendant's current counsel did not submit an affidavit by defendant's trial counsel, current counsel did inform the judge that Attorney Colby did not wish to participate. We acknowledge that the absence of an affidavit is not "a talisman that, by itself, defeats a claim of ineffective assistance of counsel." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014). However, it is an established rule of appellate practice that "[i]n order to be entitled to have this court consider and decide an issue, the defendant has the ... burden of including in a record on appeal all of the evidence, facts or information pertinent to the issue." Commonwealth v. Bernier, 366 Mass. 717, 720 (1975). While the defendant's own affidavit is certainly relevant evidence, the judge was not required to accept the defendant's allegations. See, e.g., Commonwealth v. Martens, 398 Mass. 674, 678 (1986). In these circumstances, where defendant's trial counsel informed the judge prior to trial that he was ready for trial, the defendant was not heard to complain again about his attorney's preparedness until after his convictions, and there is no affidavit from trial counsel to support the allegations contained in the defendant's affidavit, the judge, who presided at trial and was in a better position than we are to assess the performance of the defendant's trial counsel, was authorized to disregard the bald statement by the defendant that his trial attorney was not prepared for trial.[4]
2. Ineffective assistance. For the same reasons, the defendant has failed to demonstrate that Attorney Colby provided ineffective assistance of counsel based on the familiar two-pronged test set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). There is no evidence or even a claim before us that Attorney Colby did something or failed to do something in his role as the defendant's trial counsel that constituted conduct "falling measurably below that which might be expected from an ordinary fallible lawyer."Id. Further, the defendant makes no claim that Attorney Colby should have done something in his preparation or conduct of the defense that he failed to do and that, as a result, "likely deprived the defendant of an otherwise available, substantial ground of defence." Id.
Judgments affirmed.
Order denying motion for new trial affirmed.

The record indicates that prior to trial, the defendant's counsel participated in a sidebar conference with the prosecutor and the judge about the terms of a change of plea. The record also indicates that Attorney Colby asked for time to discuss the matter with the defendant. However, about twenty minutes later, the parties and the judge began the preparations for trial.

A copy of the trial transcript is part of the record on appeal.

The defendant argues that the judge ran afoul of Commonwealth v. Cavanaugh, 371 Mass. 46 (1976), by forcing the defendant to make a "Hobson's choice" between going to trial with an unprepared attorney or proceeding pro se. However, in Cavanaugh, unlike the present case, the defendant's attorney informed the court prior to trial that he was not prepared to try the case. Id. at 48.